## Illinois Central Railroad Co. v. Commonwealth.

(Decided April 18, 1911.)

### Appeal from Franklin Circuit Court.

Clerical Error.—Failure to Enter Judgment for Damages.—The failure of the clerk to enter a judgment for 10 per cent. damages on the affirmance of the judgment for the collection of money which has been superseded, is a clerical error which may be corrected by the Court of Appeals after its judgment has been affirmed by the United States Supreme Court.

TRABUE, DOOLAN & COX, HAZELRIGG, CHENAULT & HAZELRIGG and J. H. DICKINSON for appellant.

T. L. EDELEN, C. J. WHITTMORE and B. R. FRANKLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
On motion to award damages.

Section 764 of the Civil Code provides as follows:

"Upon the affirmance of or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in chapter 2 of this title, 10 per cent. damages on the amount superseded shall be awarded against the appellant."

The Commonwealth instituted this action against the Illinois Central Railroad Company to recover certain franchise taxes. The railroad company denied liability and on final hearing in the circuit court a judgment was entered in these words:

"It is adjudged that the plaintiff recover of the Illinois Central Railroad Company the sum of $10,219.97, and the further sum of $1,021.99, penalty upon same and its cost herein expended."

The defendant prayed an appeal which was granted; it executed a supersedeas bond and took out a supersedeas. On the hearing of the case in this court the judgment was affirmed, but without an award of damages, on February 27, 1908. The defendant appealed to the Supreme Court of the United States and the judgment being affirmed by that court, the plaintiff has entered a motion to correct the judgment for clerical misprision and

to award damages on the amount superseded. The case is submitted on that motion.

The statute above quoted is peremptory. The court is given no discretion. When a judgment for the payment of money has been superseded, 10 per cent. damages on the amount superseded must be awarded against the appellant as a matter of right. The failure of the clerk to enter the judgment for damages as required by the statute was a clerical error. This clerical error, shown by the record may be corrected at a subsequent term. It has been for many years our settled practice thus to correct errors of this sort. (Hall v. Dinneen, 120 Ky., 483; Nelson Co. v. Bardstown, 123 Ky., 836.) The fact that the case was appealed to the Supreme Court of the United States is entirely immaterial. The case went to the United States Supreme Court on the federal questions raised. Whether or not damages should be awarded was not a federal question, and could not have been considered by the Supreme Court.

In Bank of Kentucky v. Commonwealth, 32 R., 1087, judgment was entered against the defendant in the circuit court which was superseded and affirmed by this court on appeal. An appeal was then taken to the United States Supreme Court, and the judgment was there affirmed. In entering the judgment of this court the clerk entered a judgment for 10 per cent. damages. After the judgment had been affirmed by the United States Supreme Court, the defendant entered a motion to set aside the judgment for 10 per cent. damages as a clerical misprision on the ground that the judgment superseded was not one for the payment of money. The motion was sustained and the error corrected. The same principle must apply where by a like error the judgment which should have been entered was omitted.

Motion sustained.