Lizzie STOTTS, Appellant,

v.

LOUISVILLE LAMP COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

Dec. 4, 1959.

W. C. Edrington, Louisville, for appellant.

Gavin H. Cochran, Louisville, for appellees.

BIRD, Judge.

On August 6, 1957, Lizzie Stotts was awarded workmen's compensation for temporary total disability. The compensable period was from April 18, 1956, to August 14, 1956. It will be noted that the compensable period expired almost one year before the award was made by the Workmen's Compensation Board. No appeal was taken from the Board's order.

However, on September 6, 1957, about a month after the award was entered of record, Lizzie Stotts moved to reopen the claim under KRS 342.125. She charged that since the end of the compensable period her condition had changed for the worse, and that she had been totally disabled since that time. In support of her motion she filed her own affidavit and that of Dr. K. Armand Fischer.

Dr. Fischer had previously examined the claimant on December 19, 1956, and had given his deposition on the 26th day of December, 1956. The Board had his testimony before it when the award was made on August 6, 1957. Upon the motion to reopen the Board made the following finding of fact: "A careful review of Dr. Fischer's affidavit clearly indicates that he was of the same opinion now, as he was when he treated the plaintiff. In other words according to Dr. Fischer, she has been disabled all along, to the same extent."

The Board found no evidence of a change in claimant's condition since the previous examination of Dr. Fischer in December 1956, and consequently the Board overruled the motion to reopen. From that ruling Lizzie Stotts appealed to the Jefferson Circuit Court.

The trial judge in a written opinion made the following finding of fact: "After construing the September 3, 1957, affidavit of Dr. Fischer most liberally, based on reading and re-reading the same, I am unable to find a direct, positive, unequivocal statement which would warrant the finding that there has been a change of condition which took place since December 19, 1956."

We too have made an examination of Dr. Fischer's deposition of December 26, 1956, and his affidavit filed in support of the motion of September 1957, and we must agree with the trial judge and the Board. The Board had before it all of the testimony and its finding is supported by competent evidence of probative value. It will therefore not be disturbed. Jenkins v. Tube Turns, Inc., Ky., 321 S.W.2d 48.

We find only one change. In the deposition, Dr. Fischer was not certain that surgery was indicated. In the affidavit he was positive that she should have surgery. There was, however, still nothing to suggest a change in condition. The only change suggested was one of treatment.

The judgment is affirmed.