**Payne RICE, Individually and d/b/a etc., et al., Appellants,**

v.

**Hollie CONLEY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

J. K. Wells, Paintsville, for appellants.

G. C. Perry, III, Paintsville, Earl Cooper, Salyersville, Robert L. Milby, Hamm, Taylor & Milby, London, for appellees.

WADDILL, Commissioner.

On the appeal of the above captioned case we affirmed the judgment which had sustained an award of Workmen's Compensation to appellee, Hollie Conley. Rice v. Conley, Ky., 414 S.W.2d 138. Although a supersedeas bond had been executed, our mandate was issued without awarding Conley 10% damages under KRS 21.130. Conley has moved to amend the mandate and to grant him 10% damages.

Conley contends that upon affirmance of the judgment inclusion of damages in the mandate was required pursuant to KRS

21.130. This section provides in pertinent part:

"* * * where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant."

■ In sustaining a motion for damages pursuant to this statute in Illinois Central Railroad Co. v. Commonwealth, 143 Ky. 217, 136 S.W. 222, we said:

"The statute above quoted is peremptory. The court is given no discretion. When a judgment for the payment of money has been superseded, 10 percent damages on the amount superseded must be awarded against the appellant as a matter of right. The failure of the clerk to enter the judgment for damages as required by the statute was a clerical error. * * *"

We further observed in Baker v. Fidelity & Deposit Company of Maryland, Ky., 355 S.W.2d 150, that:

"To permit an appellant to stay and delay without penalty, as was done in this case, contravenes the purpose of the penalty provision and is wrong. * * *."

■ Appellants insist that KRS 21.130 is inapplicable because a judgment affirming an award of the Workmen's Compensation Board is not a judgment "for the payment of money." They contend that in a Workmen's Compensation case a judgment for the payment of money can be obtained only in a proceeding under KRS 342.305 which provides a method of converting an award of the Board to a circuit court judgment. The contention overlooks the fact that KRS 342.285 also provides a means of obtaining a judgment upon an award of the Board. When an award setting forth the amount and time of payment has become a part of a circuit court judgment, it constitutes a money judgment.

The Board awarded Conley $33.33 a week for 425 weeks. We hold that an enforceable money judgment was obtained by Conley upon the affirmance of the award in the circuit court. KRS 342.285. Hence, Conley is entitled to 10% damages on so much of the superseded judgment as was due and payable at the time the mandate of this court issued.

The motion is sustained and the clerk of this court is directed to amend the mandate accordingly.

All concur.