Hubert JOHNSON, Appellant,

v.

ELKHORN & JELLICO COAL COMPANY, Inc., Underwriters Safety & Claims, Inc. and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 27, 1967.

Rehearing Denied Feb. 9, 1968.

———◆———

C. W. Napier, Jr., Hazard, for appellant.

Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellees.

OSBORNE, Judge.

Hubert Johnson was employed by the Elkhorn and Jellico Coal Company. On April 26, 1965, he was working as brakeman on a mine tram. He was attempting to couple some cars when the motorman started to reverse. His right hand was caught between two cars. As a result, one finger was pulled out and the rest of his hand mangled. Before the hand had healed he apparently developed gangrene and more fingers had to be amputated. He now has his thumb and part of another finger left. The application for adjustment in this case was filed March 10, 1966, seeking compensation for the injured hand. Subsequently, an amended claim was filed claiming a ruptured cervical disc and a traumatic neurosis.

The Board completely rejected all of the claims for injuries beyond the hand and under KRS 342.105 limited his award to that provided therein for a severed hand. Johnson appealed to the Letcher Circuit Court, which affirmed the Board's award. He then brought this appeal.

The question presented is whether the Board's finding is "clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record * * *." KRS 342.285(3) (d) as amended in 1964.

Six doctors testified in this case, two for the appellant, one for the appellee, and three for the appellant on rebuttal. Four of these doctors testified to the existence of an injury to the cervical spine. One of these testified to a traumatic neurosis.

The Board based its decision on the testimony of the other two doctors, Dr. Marion G. Brown, who testified for the appellant apparently before the amended complaint was filed, and Dr. Kearns Thompson, who testified for the appellee. The testimony of these two doctors is essentially negative in character on the existence of a back injury. Dr. Brown, an orthopedic surgeon, testified that the appellant complained of pains in his shoulder and back. However, he testifies that he did not x-ray the spine because "it is not unusual to have muscular pains in adjacent areas." He testified that "medically speaking, the injury event is confined to an extremity." However, in view of his failure to x-ray or to closely examine the cervical spine, this testimony does not support the finding of no injury to it. Testimony of non-examination is not equivalent to testimony of non-injury.

Dr. Thompson, also an orthopedic surgeon, apparently limited any intensive examination to the right hand and took no x-rays of the cervical spine. On the basis of some superficial examination of the body beyond the hand, he answered that there was no evidence of any injury beyond the hand. This testimony does not preclude or even speak strongly to the existence or non-existence of any injury to the spine.

This is the only evidence supporting the Board's finding and the Board specifically based their finding of no injury beyond the hand on this testimony.

Four other doctors testified. All x-rayed the cervical spine. All found evidence of injury—a narrowing between the fifth and sixth cervical vertebrae, which was attributed to a cervical sprain or ruptured disc. All testified that this occurred when appellant was struggling to free his trapped hand.

And, all testified that it increased the disability suffered by the appellant.

■ Therefore, the Board's finding that appellant suffered no injury beyond the hand is "clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record * * *." KRS 342.285(3) (d).

■ The evidence before the Board supports only one conclusion—that Hubert Johnson suffered an injury to his cervical spine in the accident in addition to the injury to the hand and that this injury increases the disability suffered by him. There is ample testimony that he is totally disabled. Therefore, the provisions of KRS 342.105 and 342.110 do not apply. Evidence shows that this man is totally disabled at this time from the combined effects of the injury to the hand and back and the traumatic neurosis he is apparently suffering from. However, there is testimony that the back may respond to an operation and, of course, the neurosis may become better with psychiatric care and the improvement of the other situation. Therefore, on remand the Board should take evidence as to the permanence of these disabilities. If it appears that they will not be permanent, the Board should make an award for temporary total disability for the period of likely duration. Of course, in the event of a change in conditions the parties will have resort to the reopening provision of KRS 342.125(1). Holland v. Childers Coal Co., Ky., 384 S.W. 2d 293.

The judgment is reversed.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.

MONTGOMERY, Judge (dissenting).

The majority opinion reverses a judgment which affirmed the award of the Workmen's Compensation Board. In reviewing such a case this court is governed by KRS

342.290. The scope of review shall include all matters subject to review by the circuit court. The review here and in the circuit court is confined to determining whether the award of the Board "is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record." KRS 342.285(3) (d). Belknap Hardware & Manufacturing Co. v. Brown, Ky., 402 S.W.2d 848.

In Porter v. Goad, Ky., 404 S.W.2d 795, it was said:

"The reviewing court would not set aside the finding of the board unless the evidence in support of the claim was so clear-cut and convincing that the court justifiably could conclude that the board acted 'erroneously' (i. e., unreasonably) in finding against the claim."

Dr. Kearns R. Thompson testified that there was no evidence of any injury beyond that part of the hand that was amputated as a result of the accident in question. Dr. Marion Brown testified for the appellant as follows:

"Q. 19. Do the effects of the injury and disability extend beyond the member, or beyond the hand and the arm to the body as a whole, so as to adversely affect his general ability to labor and limit his occupational opportunities to obtain the kind of work he is customarily able to do?

"A. Medically speaking, the injury event is confined to an extremity * * *."

On cross-examination he testified:

"Q. 3. As I understand your testimony, Dr. Brown, from a medical standpoint his injury is limited to the hand and the severance of the fingers that you have named, either by amputation at the time of the injury or by subsequent amputation, plus the remaining injury to that part of the hand that you have described and the injury to the remaining thumb and third finger?

"A. Yes, sir, that is correct.

"Q. 4. Is it your opinion, Dr. Brown, that his primary inability to return to coal mining is principally attributable to the injuries that were set out in the foregoing question?

"A. Yes, sir."

The Board found that the injury suffered was confined to the severance of the right hand and did not extend beyond that extremity and that appellant had failed to prove by clear and convincing evidence that he had sustained any other injury as a result of the traumatic injury, either mental or physical, beyond the hand extremity.

The majority opinion discredits the testimony of Drs. Thompson and Brown because they had not examined appellant's back. All of the testimony was before the Board and it chose to believe the testimony of Drs. Thompson and Brown, as was its prerogative. Such testimony sustains the findings of the Board as was adjudged by the circuit court. I feel that this court has gone beyond the scope of its review in the majority opinion.

I, therefore, respectfully dissent.