**SCHEURICH & FRITZ ROOFING COMPANY, Inc., and Electric Mutual Liability Insurance Company, Appellants,**

v.

**Kenneth Earl DeWITT, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1968.

Gavin H. Cochran, Marshall, Cochran, Heyburn & Wells and Charles H. Cassis, Louisville, for appellants.

James T. Robertson, Louisville, for appellee.

CULLEN, Commissioner.

Appellee Kenneth Earl DeWitt proceeded in the circuit court under KRS 342.305 to have reduced to judgment a workmen's compensation agreement which by board approval had the status of an award. The appellants, employer and insurer, sought to abate the action pending determination by the Workmen's Compensation Board of a motion to reopen the award which the appellants had filed. The court refused to abate the action and entered judgment awarding recovery for past-due payments and requiring that future payments be made until the award be set aside. The employer and insurer have appealed from that judgment.

DeWitt was injured on August 28, 1965. Thereafter an agreement was entered that he be paid, on the basis of total permanent disability, the sum of $41 per week "until terminated in accordance with the provisions of the Workmen's Compensation Law." (The agreement later was approved by the board so as to acquire the status of an award.) Payments were made through February 11, 1966, and a tender was made of additional payments through March 4, 1966. The employer refused to make any further payments because the physician's report of an examination of DeWitt made on March 4, 1966, was that he had made a recovery, could "return to any

type duty," and would "have no permanent disability."

The situation remained dormant until January 26, 1967, when DeWitt filed with the circuit court a motion under KRS 342.305 to have his award reduced to judgment. Thereafter, on February 14, 1967, the employer and insurer filed with the Workmen's Compensation Board a motion under KRS 342.125 to reopen the award, asserting DeWitt's recovery on March 4, 1966. Then the employer and insurer, on February 21, 1967, filed their answer in the circuit court proceeding, alleging the filing of their motion to reopen and praying that the circuit court action be stayed or abated pending determination by the board of the motion to reopen. Subsequently, in May, the employer and insurer filed a supplemental answer alleging that the board had assigned their motion for a hearing. The circuit court refused to stay or abate the action and on May 12, 1967, entered the judgment here appealed from, which awarded recovery for payments past due as of the date of commencement of the action and ordered future payments until such time as the award be set aside.

■ Much of the argument revolves around the provision of the reopening statute, KRS 342.125, that the action of the board in ending, diminishing or increasing an award "shall not affect the previous order or award *as to any sums already paid thereunder*" (our emphasis). The appellants argue that since the statute protects from being affected only such sums as actually have been paid and not sums which are past due but not paid, the spirit and intent of the statute is that whenever a reopening motion has been filed all collection of payments should be suspended in order that the board may give as full effect as possible to a retrospective reopening. In effect, this argument is that the statute intends that reopenings shall be as retrospective as possible, subject only to nondisturbance of payments that happen

to have been made. On the other hand, the appellee DeWitt argues that the statute really intends that sums past due as well as sums actually paid shall not be affected by a reopening.

■ It is the opinion of this court that the appellants' argument is valid; that under KRS 342.125 the only limitation upon the giving of retrospective effect to a reopening order is that "sums already paid" cannot be affected (cf. Rex Coal Company v. Campbell, 213 Ky. 636, 281 S.W. 1039); and that under KRS 342.305 the circuit court has no authority to enter judgment enforcing an award while a motion to reopen is pending (except, of course, as to such part of the award as is not sought to be reopened). As this court construes KRS 342.305 it means that an award to be reducible to judgment under KRS 342.305 must be final in the sense of being out of the hands of the board and not pending on appeal.

While the statutes as so construed seem to place the employe at a disadvanatge in that the employer, by ceasing to make payments, can to some extent control the period of potential retrospective operation of a reopening order, the employe can obtain some measure of protection against this by having his award reduced to judgment immediately after the award is obtained and by diligently enforcing payment.

The court erred in the instant case in not staying or abating the enforcement proceedings during the pendency of the motion to reopen.

The judgment is reversed with directions for proceedings in conformity with this opinion.

HILL, MONTGOMERY, OSBORNE, PALMORE and STEINFELD, JJ., concur.

MILLIKEN, J., dissents.