**ARMOUR & COMPANY, Appellant,**

v.

**James R. HARDIN, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

David L. Waterman, Louisville, for appellant.

John Frith Stewart, Louisville, for appellee.

DAVIS, Commissioner.

Involved on this appeal is the question of the legal effect upon an existing workmen's

compensation award of a motion to reopen that award pursuant to KRS 342.125. The parties recognize that our decision in Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390, impels reversal of the judgment unless the court is persuaded to overrule the DeWitt decision.

On March 7, 1966, the Board approved an agreement between appellant and appellee requiring compensation payment at the rate of $44 per week from and including the 19th day of February 1966 until terminated in accordance with provisions of the workmen's compensation law. The employer paid compensation pursuant to the award until October 4, 1966, when payments were discontinued.

On May 9, 1967, Hardin filed this action in the Fayette Circuit Court looking toward enforcement of the award as provided by KRS 342.305. On May 15, 1967, the appellant employer filed with the Board its motion for reopening and review of the previous award based on its averments, supported by affidavits, that Hardin is no longer disabled and is available and able to do certain kinds of work. The employer paid the weekly payments which had accrued to and including May 15, 1967, but asserted that the court lacked power to enter any order looking toward enforcement of payments thereafter until the Board had finally acted upon the motion to reopen. The circuit court rejected this position of the employer and entered judgment providing for enforcement of the award until such time as it shall have been terminated or modified by the Board.

In Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390, decided February 16, 1968, several months after the judgment on appeal herein which was entered October 9, 1967, this court specifically held "that under KRS 342.305 the circuit court has no authority to enter judgment enforcing an award while a motion to reopen is pending (except, of course, as to such part of the award as is not sought to be reopened). As this court construes KRS 342.305 it means that an award to be reducible to judgment under KRS 342.305 must be final in the sense of being out of the hands of the board and not pending on appeal." Id. 424 S.W.2d at 392.

The appellee strongly urges that the decision in the DeWitt case, supra, was and is erroneous and should be overturned forthwith. Appellee maintains that the final sentence of KRS 342.305 conclusively demonstrates the basic error in the conclusion reached in the DeWitt case. The language of KRS 342.305 relied upon is as follows:

"Any such judgment, unappealed from or affirmed on appeal or modified in obedience to the mandate of the Court of Appeals shall be modified to conform to any decision of the board ending, diminishing or increasing any weekly payment under the provisions of KRS 342.125 upon a presentation to it of a certified copy of such decision."

It is true that the opinion in the DeWitt case does not quote the final sentence of KRS 342.305, but the court carefully considered all portions of KRS 342.305 as affected by KRS 342.125 and reached its conclusion as announced in the DeWitt case in full light of the arguments pro and con. As in nearly all matters of legal interpretation, there are persuasive arguments for varying results. In the interest of orderliness it is necessary that some tribunal have the final say as to which result shall obtain. Under our system this court is vested with that responsibility in matters of this type and has been persuaded and remains persuaded of the soundness of the views expressed in Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390.

The judgment is reversed with directions to enter a new judgment in conformity with the opinion.

All concur.