**Earl PERRY, Appellant,**

**v.**

**FRANKFORT ELECTRIC & WATER PLANT BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1969.

Rehearing Denied Jan. 23, 1970.

---

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

James Graves, Louisville, for appellees.

DAVIS, Commissioner.

This is a workmen's compensation proceeding in which the fundamental argument presented by appellant is that this court's ruling in Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390, should be struck down.

The circuit court felt impelled to follow the ruling announced in Scheurich and denied appellant's motion for a judgment looking toward enforcement of an earlier award in favor of the appellant by the Board and abated that proceeding, pending the Board's ruling on a motion to reopen the compensation proceeding. See KRS 342.125 relating to reopening and KRS 342.305 relating to enforcement of awards made by the Workmen's Compensation Board.

It is clear that the mandate of Scheurich sustains the action taken by the circuit court. As recently as Armour & Company v. Hardin, Ky., 432 S.W.2d 38, the court was urged to overrule Scheurich but declined that invitation. There is nothing in the appellant's present argument which persuades the court to depart from the rulings so recently pronounced in Scheurich and Armour.

The judgment is affirmed.

EDWARD P. HILL, C. J., and NEIKIRK, OSBORNE, PALMORE, REED, and STEINFELD, JJ., concur.

MILLIKEN, J., dissents.

MILLIKEN, Judge (dissenting).

The majority opinion is unrealistic because it throws the burden and expense on the claimant to persist in obtaining payments under an award of the Board rather than on the employer to move to discontinue payments because of a change of condition etc. The majority view is illogical too because it permits an employer, in effect, to alter an award simply by discontinuing payments under it which, in this respect, permits the employer to pre-empt the normal power of the Board itself.

I believe the proper construction to place on the language of KRS 342.125 to the effect that any order of the Board "diminishing, ending or *increasing*" a previous award "shall not affect the previous order or award as to any sums already paid thereunder" should be premised on the assumption that the amounts due under the previous award were paid when due. The inclusion of the word "increasing" in the statute makes it possible for the Board to retroactively increase the weekly amounts due but not actually paid if the majority's construction of the statute is correct.

I continue to think that our opinion in Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390 is an incorrect interpretation of the statute and for that reason I think the majority opinion here, based as it is on Scheurich, is equally incorrect.

I dissent.