The PITTSBURG & MIDWAY COAL MINING COMPANY and the Travelers Insurance Company, Appellants,

v.

William Ray RUSHING, Appellee.

Court of Appeals of Kentucky.

Nov. 21, 1969.

James Holloran, Sturgis, for appellants.

George B. Simpson, Sturgis, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The Workmen's Compensation Board (hereinafter Board) awarded appellee

"permanent partial disability of 25% to the body as a whole."

Rushing appealed to the circuit court, wherein judgment was entered adjudging that certain findings of the award were not supported by "competent evidence of probative value" and remanding the case to the board "for a re-determination of the degree of disability of the claimant and for an adequate award in keeping with the evidence." The Pittsburg & Midway Coal Mining Company (hereinafter Pittsburg) and its insurance carrier, Travelers Insurance Company, appeal to this court insisting (1) the circuit court was powerless under KRS 342.285(3) and the case law of this state to substitute its judgment for that of the Board; and (2) the circuit court had no jurisdiction after Rushing filed a motion before the Board to reopen his case on the same day he appealed to the circuit court.

We reverse the circuit court judgment and affirm the award of the Board.

In the interest of brevity, we relate only the high points in the facts.

Appellee Rushing was a coal miner for Pittsburg on February 19, 1965, when he received a back injury. An agreement was reached July 6, 1965, between Pittsburg and Rushing with respect to compensation for the injury of February 1965, which was approved by the Board.

Rushing claims he received a second back injury on July 12, 1966, while working for Pittsburg. He also claims that in July 1967, he received a fall in his home as a result of disability arising from his previous injuries, which fall resulted in injuries to his knee.

The Board had evidence before it that in 1963 Rushing received an injury to his back from a fall from a tree while coon hunting and that his knee was injured seriously when he was a young man.

In November 1965, appellant underwent surgery to have a disc removed from his back. In January 1966, he again submitted to surgery for the removal of a second disc.

Shortly after July 1966, and after he claimed to have received a second injury, Rushing filed claim for the second injury and moved to reopen his case for the first injury.

In the fall of 1966, he claims he began having bladder trouble. In March 1967, he was operated on to correct the bladder trouble. He returned to work in June 1967, but the next month (July 1967) he alleges he fell in his home and injured his knee. He again underwent surgery to repair a torn cartilage in his left knee.

So it is apparent Rushing has been plagued by injury after injury and by operation on top of operation. He has consulted with, been examined and treated by doctors of nearly all specialties in cities both far and near and from all directions.

The Workmen's Compensation Board on December 5, 1966, ordered that the first claim be reopened on the ground of change of condition and be consolidated with the claim for injuries received July 12, 1966.

The final opinion, award, and order of the Board found that Rushing sustained an injury February 19, 1965, while in the course of his employment. It rejected the contention of Pittsburg that the "coon hunting accident" contributed to his disability.

The Board found that Rushing did not receive an injury on July 12, 1966, while working for Pittsburg.

The Board also found that the bladder problem did not result from his first injury and that his knee injury and resulting operation and disability were in no way work-related or caused by the back injury.

■ Appellants argue first that KRS 342.285(3) inhibits the circuit court from substituting its judgment for that of the Board and cite E. I. Dupont De Nemours

& Company v. Burns, Ky., 427 S.W.2d 581, and other cases of like authority. With this theory we readily agree. But the real argument goes to the weight of evidence before the Board. The wife of Rushing first testified most favorably to her husband. Later on, after her separation from her injured and aching husband, she again testified in the case but very unfavorably to the numerous contentions of her then estranged husband.

■ Obviously the Board gave considerable weight and credibility to her last evidence. The circuit court took the opposite view holding that her last evidence was self-discrediting, totally destroying the probative value of all her evidence before the Board, so that it was incumbent upon the Board to find for Rushing on his contentions. We think the credibility of the evidence of the wife and what part of her evidence should be believed were questions for the Board and were not questions for the circuit court. We do not find that Clear Branch Mining Company v. Holbrook, Ky., 247 S.W.2d 48, or other cases cited by Rushing announce a different rule.

The Board had serious doubt about the truthfulness of the appellee himself. Several inconsistencies were found by the Board in Rushing's own testimony. The record before the Board clearly shows appellee to have given two entirely different accounts of his alleged injury on July 12, 1966. Also, in his second deposition, the appellee admitted his wife was correct in her statement about the appellee spending three weeks in a Veterans Hospital recovering from his fall from a tree in November 1963.

We are convinced that the findings and award of the Board are supported by "reliable, probative and material evidence." Wiard v. Ken-Wel, Inc., Ky., 419 S.W.2d 765; Johnson v. Elkhorn & Jellico Coal Co., Ky., 422 S.W.2d 886; and Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501.

It is appropriate that we comment briefly on appellants' contention that the circuit court was without jurisdiction to entertain the appeal after the filing by Rushing of a motion to reopen his case. Scheurich & Fritz Roofing Co. v. DeWitt, Ky., 424 S.W.2d 390, and Armour & Co. v. Hardin, Ky., 432 S.W.2d 38, are cited.

True, the record of the Board discloses that on March 6, 1968, Rushing filed motion to reopen his case. As we construe the motion to reopen, its intended purpose was to ask the "Board to reopen the case for the purpose of taking additional medical proof with reference to his last operation and with reference to his present physical state." The motion was nothing more than a request to take additional proof, a question on which the Board was vested with a discretion. In the first place, there is a serious question as to whether the motion was timely filed.

■ Nowhere in the record before us is there any indication that Rushing asked for or obtained a ruling on his motion. Under Jerry's Drive In, Inc. v. Young, Ky., 335 S.W.2d 323, the jurisdiction of the Board is suspended pending the outcome of the appeal. We think appellee abandoned his motion in deference to his appeal to the circuit court.

■ Furthermore and perhaps a better answer to this question, it is noted that Pittsburg did not raise or discuss this question in the circuit court. The rule is firmly established that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not first presented to the trial court.

■ Appellee argues that the judgment of the circuit court cannot be appealed to this court since the case was remanded to the Board "for a re-determination of the degree of disability of the claimant and for an adequate award in keeping with the evi-

dence." With this theory we cannot agree. See Jewell Ridge Coal Company v. McDowell, Ky., 392 S.W.2d 59 (1965).

The judgment of the circuit court is reversed with directions to enter judgment affirming the award of the Workmen's Compensation Board.

All concur.