Joseph **POLK**

v.

Clarence **GEOGHEGAN** d/b/a Geoghegan Roofing and Supply Company et al.

Court of Appeals of Kentucky.

Nov. 21, 1969.

Robert C. Carter, Carter & Donoghoe, Louisville, for appellant.

Ronald V. Simpson, Louisville, for appellees.

CLAY, Commissioner.

This is an attempted appeal from an order abating an action pending a final determination by the Workmen's Compensation Board of the question presented on appellees' motion to reopen and review appellant's claim. The circuit court proceeding was abated on the authority of Scheurich and Fritz Roofing Co., Inc. v. Dewitt, Ky., 424 S.W.2d 390 (1968), and Armour & Company v. Hardin, Ky., 432 S.W.2d 38 (1968).

Appellees raise the question of jurisdiction to entertain this appeal, on the ground that the order appealed from is not a final judgment. Such order is as follows:

"IT IS ORDERED that the above styled action be abated pending determination of the defendant's motion to reopen and review the plaintiff's claim before the Workmen's Compensation Board."

KRS 21.060(1) authorizes appeals to this court as a matter of right in civil cases only "from all final orders and judgments of circuit courts". CR 54.01 defines a final or appealable judgment as "a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02". The order above quoted was not made final under Rule 54.02. Obviously, on its face, it does not purport to adjudicate any of the ultimate rights of the parties, much less all of them. Abating an action simply postpones final adjudication.

This was not a final and appealable judgment under the principles recognized in the following cases: Campbell v. Hulett, Ky., 243 S.W.2d 608 (1951); Commonwealth ex rel. Reeves v. Brown, Ky., 249 S.W.2d 52 (1952); Hackney v. Hackney, Ky., 327 S.W.2d 570 (1959); Brumley v. Lewis, Ky., 340 S.W.2d 599 (1960); Peters v. Board of Education of Hardin County, Ky., 378 S.W.2d 638 (1964).

The appeal is dismissed.

All concur.