**STANDARD PRODUCTS COMPANY et al.,**
**Appellants,**

v.

**Phyllis F. ESTES et al., Appellees.**

Court of Appeals of Kentucky.

May 12, 1972.

Elwood Rosenbaum, Rosenbaum & Smith, Lexington, Thomas R. Emerson, Frankfort, for appellants.

Julian R. Gabbard, Lexington, for appellees.

PALMORE, Judge.

Phyllis Estes injured her back while at work on April 15, 1969. She filed a claim for workmen's compensation and on October 19, 1970, received an award based on a finding of 15% permanent partial disability. On December 15, 1970, she underwent surgery in the affected area of her back and on December 16, 1970, she moved the Board to reopen the award on the ground of a change of condition. KRS 342.125. The Board sustained her motion, received evidence from the respective parties, and made a new award for 100% disability. In the award the Board found the claimant to be 100% *permanently* disabled, "but inasmuch as her condition might or might not improve as the result of her surgery of December 15, 1970—we make this an 'Open End' award." The employer, its insurer, and the Special Fund appeal from a judgment of the circuit court affirming this award.

Despite the word "permanently" we construe the award in question as being an award for temporary total disability of indefinite duration, terminable upon a showing of further change in condition and subject of course to the maximum statutory limits. Cf. Johnson v. Skilton Const. Corp., Ky., 467 S.W.2d 785, 788 (1971); KRS 342.095.

█ Unquestionably the surgery on December 15, 1970, was the major cause of the claimant's being 100% disabled during the time the evidence was taken pursuant to the reopening. In fact, her surgeon was of the opinion that if she recuperated as expected over the next two months the disability would decrease to 15% permanent. Appellants argue quite forcefully that compensation awards will lose their salutary finality if they may be reopened every time a claimant suffers a temporary set-back. Among other authorities, they rely on Stotts v. Louisville Lamp Co., Ky., 329 S.W.2d 574 (1959), in which this court sustained an order of the Board declining to reopen an award when the only change in condition was that the claimant's surgeon, who at the time of the original award had not been certain that surgery was indicated, later decided that it was necessary.

There are significant differences between this case and *Stotts*. The first is that in *Stotts* the Board decided against reopening, whereas in this instance its decision was in favor. In *Stotts,* therefore, the test on review was whether the claimant's evidence *required* a reopening; here it is whether the evidence was sufficient to *authorize* it. The second distinction is that in this case, when the evidence was taken on the original hearing, the surgeon "didn't contemplate excising this disc—but that if she gave attention to the details which I had outlined to her on several occasions in detail that her chances of remaining at work with relative comfort was [sic] good." Moreover, in the course of the reopening proceeding the claimant herself testified that her condition had grown steadily and acutely worse during the time, however brief, between the original award and the date of the surgery.

█ It may be (though we need not so decide) that a mere change of mind on the part of a physician with respect to a course of treatment, resulting in a temporary increase in a disability which had theretofore remained constant since the time of the award, would not suffice to justify a reopening.[1] But that is not this

---

1. It should be recognized, however, that KRS 342.125, the reopening statute, does not necessarily exclude a change in condition, whether temporary or permanent, which results from treatment reasonably necessitated by the original injury and ensuing condition.

case, as explained in the preceding paragraph. It is true that during her original testimony Mrs. Estes testified as follows:

Q—"Has any physician ever suggested surgery?"

A—"Dr. Massie." [Dr. Massie was and still is her physician and performed the surgery on December 15, 1970.] That surgery had been "suggested," however, does not tell us the context in which it was mentioned. Certainly the testimony of Dr. Massey himself in the original proceeding does not indicate that he then thought surgery would be required. Moreover, his estimate at the time of the reopening that her post-operative permanent disability would amount to 15%, when compared with his estimate of a 15% permanent disability at the time of the original hearing, necessarily implies that he thought her condition had become worse between the time of his first opinion and the time of the operation, or would become worse, because obviously no reputable physician would recommend surgery unless he felt that it would result in an improvement over what the condition would be without the surgery.

■ The appellants contend that there is no statutory authority for an award for total temporary disability except that which precedes a period of permanent partial disability. To the contrary, it seems to us that the last sentence of KRS 342.095(1) expressly contemplates such a contingency, whether the total disability be temporary or permanent.

We fully appreciate the possibility that a claimant dissatisfied with the amount of an award may attempt to have it increased through the device of moving to have it reviewed under the reopening procedure authorized by KRS 342.125. That, however, is a problem that addresses itself to the competence and good judgment of the Board. We cannot say that the Board's judgment in this instance was not reasonably supported by the evidence.

■ The order of October 19, 1970, awarded "such medical, surgical and/or hospital expenses as may be reasonably required for the treatment of injury and during disability, not to exceed the maximum sum of $3500.00," as directed by KRS 342.020. We see no problem of *res adjudicata* here. The claimant still is limited by the original $3500 maximum for medical expenses, as she is by the maximum compensable period set forth in KRS 342.095 and KRS 342.110 for a successive combination of partial and total disability, subject to appropriate credits.

The latest award of the Board allows compensation for total disability commencing in December of 1970. Seemingly it specifies that the maximum period of compensability shall begin as of that date rather than the date of the injury, but we feel sure this was simply a matter of unfortunate draftsmanship in preparing the order. To the extent that the award is not clear in that respect it may and should be corrected and, as so corrected, shall stand affirmed.

The judgment is affirmed.

All concur.