**COMMONWEALTH of Kentucky et al., Appellants,**

v.

**Fred P. RATLIFF, Appellee.**

Court of Appeals of Kentucky.

June 29, 1973.

Jim D. Robinson, Gen. Counsel, William H. Wallace, Dept. of Highways, Frankfort, for appellants.

Edward F. Prichard, Jr., James C. Hudson, Frankfort, for appellee.

GARDNER, Commissioner.

Appellee was fired as a highway employee. The Personnel Board of the Commonwealth of Kentucky instituted a declaratory judgment action against the highway department in the Franklin Circuit Court seeking to have him reinstated. Appellee was also a party defendant and he cross-claimed for a declaration of rights, including the question of back pay. The circuit court ordered that he be reinstated and adjudged that he was entitled to proper pay. The judgment was affirmed on appeal to this court. See Goss v. Personnel Board, Ky., 456 S.W.2d 822 (1970).

About two years later appellee moved for a "supplemental judgment" seeking to enforce recovery for back pay. Appellant, Commonwealth of Kentucky, Department of Highways, responded and sought to have appellee's earnings while he was suspended, in the sum of $8994.68, set off against the back pay. In sustaining appellee's motion the court denied appellant's setoff claim and adjudged that appellant forthwith pay appellee the sum of $9890.10, with interest computed from each pay period when due. The trial court recited as its reason for refusing to adjudge an offset was that appellant had failed to raise the defense of mitigation of damages in the original trial, and the original judgment which was affirmed on appeal and which allowed recovery for proper pay became the law of the case.

We believe the original judgment, wherein it was decided that Ratliff was entitled to "proper" pay, left open for further determination the question of what was proper pay. The issue was first raised upon Ratliff's motion for a supplemental judgment. Appellant responded by asking that any wages earned by Ratliff during his suspension be set off against back pay to which he otherwise would be entitled.

 It is our opinion that this state is committed to the doctrine of mitigation of damages in employment contract cases, Louisville & N. R. Co. v. Wells, 289 Ky. 700, 160 S.W.2d 16 (1942), and that the doctrine is applicable to cases arising from employment by the Department of Highways. KRS 18.275.[1] We note also that under Federal Civil Service the employer is entitled by way of mitigation of damages to a credit of the amount earned by a wrongfully discharged employee. See 15 Am.Jur.2d, Civil Service, section 51.

The judgment is reversed and remanded for a determination and credit against the state's liability of the amount of wages earned by Ratliff during the period of his suspension.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.

---

1. This section, althougth enacted subsequent to the original judgment, clearly expresses the long-accepted doctrine of mitigation of damages.