STANDARD PRODUCTS COMPANY and
Federal Insurance Company,
Appellants,

v.

Phyllis F. ESTES (now Kidd), and Julian
R. Gabbard, et al., Appellees.

STANDARD PRODUCTS COMPANY and
Federal Insurance Company,
Appellants,

v.

Phyllis F. ESTES (now Kidd), and Work-
men's Compensation Board, Appellees.

Phyllis F. ESTES (now Kidd),
Cross-Appellant,

v.

STANDARD PRODUCTS COMPANY and
Federal Insurance Company,
Cross-Appellees.

Court of Appeals of Kentucky.

May 3, 1974.

------♦------

Elwood Rosenbaum, Rosenbaum & Smith, Lexington, for appellants and cross-appellees Standard Products Co. and Federal Ins. Co.

Julian R. Gabbard, Lexington, Murvel E. Combs, Dept. of Labor, J. Keller Whitaker, Workmen's Compensation Bd., Dept. of Labor, Frankfort, for appellees and cross-appellant Phyllis F. Estes (now Kidd), Julian R. Gabbard and others.

VANCE, Commissioner.

For purposes of consideration in this court we have consolidated these two direct appeals and a cross-appeal all of which relate to a single Workmen's Compensation claim.

On October 19, 1970, Phyllis Estes was awarded compensation for fifteen percent permanent-partial disability resulting from a back injury. Her attorney was allowed a fee of $633.80. On December 15, 1970, she underwent surgery for fusion of the injured intervertebral disc. The next day she filed a motion to reopen the award upon the ground of change of condition, she then being in the hospital and totally disabled, at least temporarily.

The motion to reopen was sustained and on June 28, 1971, the Board found her to be 100% permanently disabled but because her condition was subject to improvement by reason of the surgery an open-end award was made.

This award was appealed to this court and was affirmed. Standard Products Company v. Estes, Ky., 481 S.W.2d 98 (1972). Therein we construed the Board's finding of permanent disability and the award as being "an award for temporary-total disability of indefinite duration, terminable upon a showing of further change of condition and subject of course to the maximum statutory limits." The opinion of this court was dated May 12, 1972, and the mandate issued June 20, 1972. On May 23, 1972, (after the delivery of the opinion but before the issuance of the mandate) the employer filed a motion to reopen the award alleging that the employee had returned to work. The employee responded to the motion pointing out the fact that the appeal was still pending and no mandate had issued.

On June 30, 1972, the employer filed with the Board a pleading styled "Renewal of Motion to Discontinue or Reduce the Award" which requested the Board to discontinue, reduce, or modify the award of October 19, 1970, on the ground that the employee had sufficiently recovered to permit resumption of work.

On July 12, 1972, employee's attorney filed a motion for an attorney's fee which was objected to by the employer upon the ground that when the motion was filed there was pending a motion to reopen the award.

On August 10, 1972, the employer moved to reopen the award of June 28, 1971, on the ground that the employee had returned to work in July 1971 and had worked continuously since that time, most of the time at an increase in salary.

The Board met on August 7th and overruled the June 30, 1972, motion to discontinue or reduce the award and allowed an additional attorney's fee to the employee's attorney in the amount of $2,876.38. That order was not placed in the mail however until August 11, 1972, one ˙day after the motion to reopen had been filed on August 10, 1972.

On August 15, 1972, the employer petitioned for a reconsideration of the Board's order dated August 7, 1972. This petition for reconsideration was denied.

The employer then appealed to the Fayette Circuit Court from the order denying a reopening of the case and from the allowance of the attorney's fee and the employer declined to make any payments during the pendency of the litigation.

The circuit court reversed the Board's order which denied a reopening of the claim and directed that the Board grant an evidentiary hearing on the motion to reopen. It affirmed the allowance of an attorney's fee and ordered installments of the award to be paid during the pendency of the motion to reopen.

The employer filed a direct appeal from that portion of the judgment allowing and approving the attorney's fee and directing payments during the pendency of the motion to reopen.

The employee filed a cross-appeal from that part of the judgment which directed the Board to grant an evidentiary hearing on the question of reopening.

In a separate action pursuant to KRS 342.305 the employee sought an enforcement of the award in Fayette Circuit Court and judgment was entered in that action for the enforcement of the award and the attorney's fee. The employer has filed a direct appeal from that judgment.

Three questions of substance are presented by these appeals. (1) Did the judgment erroneously order an evidentiary hearing on the matter of reopening of the award? (2) Did the judgment erroneously direct the payment of the installments of the award during the pendency of the motion to reopen the claim? (3) Did the judgment erroneously direct the payment of the additional attorney's fee?

The employee contends the judgment is erroneous insofar as it directs an evidentiary hearing on the matter of reopening for two reasons: (1) No proper motion to reopen was ever filed and (2) the employer is estopped from seeking a reopening.

The employer made four motions to reopen the award. The employee contends all four motions were defective, the first because it was premature, it being filed on May 23, 1971, while the case was still pending in the Court of Appeals, its mandate not issuing until June 20, 1972; the second filed on June 30, 1972, because it mistakenly asked for a reopening of the award of October 19, 1970, rather than the award of June 28, 1971; the third, filed August 10, 1972, because it did not have an affidavit of a physician but this motion did have attached to it an affidavit that the employee returned to work in July 1971 and worked continuously until the filing of the affidavit.

The fourth motion to reopen filed August 15, 1972, was an amended motion in which the movant restated the allegation of the motion of August 10, 1972, and attached the affidavit of a treating physician but the employee contends this was not proper since the affidavit was required to be filed with the motion in the first instance and not by amendment.

The four attempts of the employer to file a proper motion for reopening, albeit clumsy, nevertheless presented a clear allegation that the temporary-total disability awarded on June 28, 1971, had come to an end and that the employee had returned to work regularly at her old job with an increase in pay. One of the motions was accompanied by an affidavit of a physician which indicated that the employee could return to work and another was accompanied

by an affidavit of a physician that the temporary-total disability had ceased.

■ We think the matter of reopening was properly presented to the Board by the motion of June 30, 1972. The action of the Board in refusing to hear evidence relating to the matter of reopening was unreasonable and the judgment of the court directing such a hearing was proper. No authority is cited for the claim that the employer is estopped to reopen the award.

We have held that an employer may withhold payments of compensation during the pendency of a motion to reopen the award. Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390 (1968).[1] In *Scheurich, supra,* we said that the circuit court has no authority to enter a judgment enforcing an award while a motion to reopen is pending except as to any part of the award not sought to be reopened.[2]

The employee contends that the award has already been converted to a money judgment by reason of the fact that an appeal was taken from the award and the award was affirmed by the circuit court and by this court. A judgment of a circuit court affirming an award of the Workmen's Compensation Board has been held to be a judgment for the payment of money. Rice v. Conley, Ky., 419 S.W.2d 769 (1967).

The employee argues that since the award was reduced to a judgment as a result of the disposition of the original appeal, a motion to reopen cannot suspend the judgment and the judgment therefore remains in effect and is enforceable until modified pursuant to KRS 342.305 in conformity with some further order of the Board.

Rice v. Conley, supra, involved the consideration of whether a penalty of ten percent should be taxed in a case in which a judgment of the circuit court affirming an award of the Compensation Board was affirmed on appeal when the judgment had been superseded pending the appeal. In that context this court held that the judgment was a judgment for the payment of money and when superseded upon appeal, the ten percent penalty would apply if the judgment was affirmed by this court.

■ The factual situation in *Rice, supra,* distinguishes it from the present proceeding and except for the situation presented in *Rice* we think that a judgment of the court affirming an award of the Compensation Board is not properly a judgment for the payment of money but is no more than a judicial declaration that the Board did not exceed its powers, the award was not procured by fraud and was in conformity with the act, was not clearly erroneous, arbitrary or capricious or the result of abuse of discretion. KRS 342.285 limits the scope of appellate review to these matters. An award, unappealed from or affirmed upon appeal, may be reduced to judgment for the purposes of enforcement of the award only by the procedures prescribed in KRS 342.305.

■ We think therefore that the judgment of the circuit court affirming the award cannot in these circumstances be construed as an enforceable judgment for the payment of weekly installments of compensation.

■ It follows that the court erred in directing the continuance of payments of compensation during the pendency of the motion to reopen the award. The motion to reopen could not affect the employer's

1. The continuing effect of Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390 (1968), is called into question by the enactment of an amendment to KRS 342.125 which provides that the employer shall not suspend the payment of benefits during the pendency of any reopening procedure. This amendment became effective January 1, 1973, and is not applicable to this claim.

2. This holding likewise is called into question by an amendment to KRS 342.305 which provides that the circuit court may enter a judgment of enforcement whether or not there is a motion to reopen or review pending under KRS 342.125. This amendment became effective January 1, 1973, and is not applicable to this claim.

liability for payment of compensation from December 15, 1970, the date she became temporarily-totally disabled, until June 30, 1972 (the date of the first proper motion to reopen the award).

■ We also think the award of the additional attorney's fee was improper. At the time it was allowed the question of whether the award should be reduced or modified had not been and has not yet been finally disposed of. The applicable statutes authorized the allowance of a fee in a lump sum but the state of this record does not yet permit a determination of whether the fee should be computed on the basis of recovery for total or some lesser degree of disability. The fee should be allowed after that determination is made.

The judgment is reversed as to the appeal in each of the consolidated cases and is affirmed as to the cross-appeal. The entry of a new judgment in conformity with this opinion is directed.

All concur.