COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

Morris LAMB, Appellee.

Supreme Court of Kentucky.

June 11, 1976.

Rehearing Denied Oct. 1, 1976.

Dandridge F. Walton, Asst. Atty. Gen., J. Michael Fleming, Dept. of Transp., Frankfort, Ky., for appellant.

James M. Baker, Frankfort, John T. Daughaday, Mayfield, for appellee.

STERNBERG, Justice.

This appeal, for its second time, calls into issue the effect of the state's merit system of personnel administration. (KRS, ch. 18.)

The Franklin Circuit Court, by judgment of August 30, 1974, ordered that appellee be reinstated without loss of pay or other fringe benefits. The judgment was affirmed by this court.

Subsequent proceedings disclose that on June 16, 1975, the appellee was reinstated to his former position. He was paid the sum of $28,732.50, which represented his lost pay for the full period of his layoff (9/15/72–6/16/75). On July 8, 1975, appellee made a motion before the judge of the Franklin Circuit Court for a supplemental judgment awarding him (1) damages in the sum of 10% of his lost pay; (2) interest at the rate of 6% per annum from the date of judgment, with interest computed from each pay period; (3) social security benefits; (4) the costs of printing his reply brief in the Court of Appeals; and (5) 43¼ days of annual leave which had been lost. On August 7, 1975, the trial court entered judgment awarding appellee (1) damages in the sum of $2,873.25, which is 10% of his lost pay; (2) interest at the rate of 6% per annum, and (3) accumulated annual leave

of 30 days. The judgment denied recovery of social security payments and recovery of the costs of printing the reply brief.

On this appeal the Commonwealth contends that (1) the 10% penalty should not have been awarded; (2) interest should not have been allowed; and (3) if allowed, the interest should have been computed only from the date of the supplemental judgment fixing the exact amount of the recovery.

The original judgment of August 30, 1974, is as follows:

"IT IS ORDERED AND ADJUDGED that the defendant, Department of Transportation, Bureau of Highways, reinstate the plaintiff, Morris E. Lamb, to his former position or a position of like status and pay without loss of pay or other fringe benefits of employment and that the plaintiff, Morris E. Lamb, recover of the defendant, Department of Transportation, Bureau of Highways, his costs herein expended or incurred."

▆▆▆ KRS 18.275 lays down the guidelines by which the amount of money which the appellee is entitled to receive may be ascertained. It is not until this sum has been determined that a judgment for money recovery can be entered. The amount of money which appellee was entitled to receive for his loss of time was not determined or adjudged until August 7, 1975, the date of the supplemental judgment. The original judgment in effect merely said "Put this man back to work." The supplemental judgment sets forth the amount of money he lost by reason of his untimely layoff and awarded a sum in damages. The Commonwealth was entitled to mitigation of damages, if justified by the facts (*Commonwealth v. Ratliff*, Ky., 497 S.W.2d 435), and until this issue was determined there was no final determination of the amount of money that appellee had lost or the amount of his money damages.

Counsel for both appellant and appellee cite and discuss the cases of *Rice v. Conley*, Ky., 419 S.W.2d 769, and *Standard Products Company v. Estes*, Ky., 508 S.W.2d 771. The *Rice* case is distinguishable from the case at bar. In that case the Court of Appeals said:

"* * * When an award setting forth the amount and time of payment has become a part of a circuit court judgment, it constitutes a money judgment.

The Board awarded Conley $33.33 a week for 425 weeks. We hold that an enforceable money judgment was obtained by Conley upon the affirmance of the award in the circuit court. KRS 342.285. Hence, Conley is entitled to 10% damages on so much of the superseded judgment as was due and payable at the time the mandate of this court issued."

In the subject case there is no way that the amount of dollar recovery can be calculated from the terms of the first judgment. Consequently, the *Rice* case would not be determinative of this issue.

In *Standard Products Company v. Estes*, supra, we said:

"The factual situation in *Rice, supra*, distinguishes it from the present proceeding and except for the situation presented in *Rice* we think that a judgment of the court affirming an award of the Compensation Board is not properly a judgment for the payment of money but is no more than a judicial declaration that the Board did not exceed its powers, the award was not procured by fraud and was in conformity with the act, was not clearly erroneous, arbitrary or capricious or the result of abuse of discretion. * * *"

The situation presented in *Rice* was that the award was for $33.33 per week for 425 weeks. Mere multiplication was all that was needed to determine the total award. Thus, it was a money judgment. Again, in the subject action the money damages could not be determined from the judgment of August 30, 1974. The *Standard Products Company* case is determinative of this issue. The judgment of August 30, 1974, was not a money judgment on which a 10% penalty was authorized, notwithstanding the wording of the mandate of this court which issued on June 10, 1975.

▆▆▆ Next, appellant complains that interest should not have been awarded.

KRS 360.040 provides that "A judgment shall bear legal interest from its date. * * *" In Commonwealth, Department of Highways v. Young, Ky., 380 S.W.2d 239, the Court of Appeals said that by reason of statutory authority (KRS 44.140(2) and KRS 360.040) the Commonwealth was liable for interest. There, the interest was allowed by reason of a statute which the court construed as authority for its award. In Department of Revenue v. Jack Cole Co., Ky., 474 S.W.2d 70, the Court of Appeals held that a gasoline tax refund did not carry interest because interest was not authorized by statute. In the course of the opinion it is stated:

"With respect to interest, it is our opinion that it should not have been allowed. KRS 134.580 makes no provision for the allowance of interest, except in subsection (2) when refunds result from 'error' of the department. * * *"

In Bankers Bond Co. v. Buckingham, 265 Ky. 712, 97 S.W.2d 596, it is stated:

" * * * it is a well-settled principle that neither a state nor any subdivision thereof may be held to the payment of interest on their public debts 'unless bound by an act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority. * * *' "

It is the opinion of this court that there is no statutory authority or any contract which authorizes the payment of interest. Consequently, the award of interest is not justified.

In view of the determination that interest is not justified, issue number (3) becomes moot.

The judgment is reversed with directions to enter judgment in keeping with this opinion.

All concur.