Larry D. BEALE, Director of Special Fund, Movant,

v.

Rodney W. ROLLEY, Madison Pipe & Supply Company; and Workers' Compensation Board, Respondents.

No. 88–SC–840–DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

Cathy Utley Costelle, Louisville, for movant, Special Fund.

Grover S. Cox, Louisville, for respondent, Rodney W. Rolley.

Leif C. Ratliff, Madisonville, for respondent, Madison Pipe & Supply Co.

GANT, Justice.

■■■ This court granted discretionary review from an opinion of the Court of Appeals and, after briefing and oral arguments, affirms that court and adopts the opinion therein:

"BEFORE: GUDGEL, HOWARD, and WEST, Judges.

"GUDGEL, JUDGE: This is an appeal from a judgment entered by the Muhlenberg Circuit Court affirming an opinion and order of the Workers' Compensation Board which denied appellant's KRS 342.-125 motion to reopen. Appellant contends that the board based its decision on a legal conclusion which is clearly erroneous. We agree. Hence, we reverse and remand.

"On July 14, 1981, appellant sustained a compensable injury to his back while lifting heavy oil field equipment. On October 3, 1983, the board awarded him benefits for a 25% permanent partial occupational disability. On October 13, 1983, appellant underwent back surgery which consisted of a spinal fusion. Thereafter, he filed a motion to reopen his claim based on an alleged change in condition. While the motion to reopen was pending before the board, appellant underwent a second back surgery on March 5, 1985.

"On August 11, 1986, the board denied appellant's motion to reopen because the board concluded that under the holding in *Continental Air Filter Co. v. Blair*, Ky., 681 S.W.2d 427 (1984), appellant failed to show the type of change in condition required by KRS 342.125. On appeal, the circuit court affirmed the board's order because the evidence did not compel a finding

in appellant's favor. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986). Hence, this appeal.

"Prior to the board's 1983 award, Dr. James M. Donley, an orthopedic surgeon, examined appellant, and found that he was 40% functionally impaired as a result of the injury to his back. Thereafter, Dr. Donley became appellant's treating physician and performed back surgery on appellant on October 13, 1983. The surgery consisted of a posterior fusion, which Dr. Donley described as a fusion through L3 to the sacrum. Following surgery, appellant suffered persistent and continuous pain. Dr. Donley performed a second back surgery on March 5, 1985, in which steel rods which had been inserted earlier were removed, the fusion mass was reexplored and the L4–5 vertebrae were refused. Although Dr. Donley is of the opinion that appellant remains only 40% functionally impaired following his surgeries, Dr. Donley testified that appellant is now totally unable to bend, lift, stoop or twist. Furthermore, Dr. Donley states that appellant's condition now makes him unemployable, even in a sedentary occupation. Although appellant's main physical problems have not changed, Dr. Donley clearly indicates that appellant's suffering from pain has gotten worse.

"Dr. M.A. Quader, an orthopedic surgeon, testified that when he first examined appellant at the request of the board in August, 1982, he concluded that appellant was 15% functionally impaired. As a result of the two back surgeries, Dr. Quader now believes appellant is 20% functionally impaired. Dr. Quader also confirmed Dr. Donley's opinion that appellant experiences more pain than he did prior to his surgeries. Dr. Tom Evans, an orthopedic surgeon appointed by the board, agreed with Dr. Quader that appellant is 20% functionally impaired. Dr. Joel S. Dill, a psychologist specializing in vocational counseling and evaluations, also testified. In his opinion, appellant is 100% occupationally disabled given his I.Q. of less than 60, his present physical condition which includes an inability to sit or walk for any length of time, and existing employment conditions in western

Kentucky. Appellant, who was born on October 19, 1951, is a laborer who testified that he cannot read or write and cannot perform math calculations beyond the third-grade level. He states that his pain is 'harder' now than before his surgeries, and that he can only sit or stand without discomfort for about an hour. Appellant must use a cane to steady himself when he walks, and he is unable to drive. Further, he indicates that he has difficulty sleeping. Finally, Vicky Rolley, appellant's wife, testified that his complaints of pain are worse now than before the surgeries.

"In its opinion and order, the board indicated that appellant's motion to reopen was denied because he failed to show a change in his 'physical functional' condition since the date of the initial award. The board specifically noted that appellant had 'undergone a substantial change of occupational disability without a significant change of his functional disability' and that 'under the principles of *Continental Air Filter Co. v. Blair*, Ky., 681 S.W.2d 427 (1984), we are compelled as a matter of law to overrule the Plaintiff's motion to reopen.' While we agree with the board that *Continental Air* is indeed controlling, we believe the board interpreted the holding far too narrowly. In *Continental Air*, the supreme court merely held that a motion to reopen must be based upon a change in physical condition rather than a change in economic condition.

"However, *Continental Air* does not hold that to establish a change in 'physical condition' for purposes of the reopening statute the worker has the burden of proving a post award increase in the percentage of the functional impairment which existed on the date of the initial award. Indeed, we believe the terms 'physical condition' and 'functional impairment' address different concerns. Medical testimony as to a worker's physical condition consists of a medical evaluation of the worker's physical well-being in terms of objective and subjective clinical symptoms. Medical testimony as to a worker's functional impairment, in contrast, consists of a medical evaluation of the percentage by which the worker's

bodily functions or systems have been impaired by a particular compensable injury or disease. Thus, the terms physical condition and functional impairment involve different medical concepts and should not be equated for purposes of the reopening statute.

"There are authorities which support our view. In *Mitsch v. Stauffer Chemical Company*, Ky., 487 S.W.2d 938 (1972), the court specifically rejected the argument that a change in condition under the reopening statute means a change of functional disability. Moreover, in *Standard Products Company v. Estes*, Ky., 481 S.W.2d 98 (1972), a case involving a back injury and subsequent surgery, the court indicated in a footnote to its opinion that '[i]t should be recognized, however, that KRS 342.125, the reopening statute, does not necessarily exclude a change in condition ... which results from treatment reasonably necessitated by the original injury and ensuing condition.' *Id.* at 99.

"Here, appellant adduced unrefuted evidence that his physical condition changed for the worse due to his surgeries. The physical pain he endures has increased both in frequency and severity, and he is totally unemployable. Before his surgeries, appellant was deemed fit by his physicians for sedentary work. We conclude, therefore, that although the board was entitled to find, based on Dr. Donley's testimony, that appellant is still only 40% functionally impaired, that finding standing alone is not sufficient to support its decision to deny appellant's motion to reopen. Instead, the board should have also determined whether the unrefuted evidence that appellant has increased pain as a result of the surgeries and is unable to work justifies a finding increasing the degree of his occupational disability.[1] We find nothing in *Continental Air* inconsistent with this conclusion. Hence, we hold that the board's finding that appellant failed to establish that there has been a change in condition is clearly erroneous and must be set aside.

"The court's judgment is reversed and remanded with directions to remand this matter to the board for further proceedings consistent with the views expressed in this opinion."

All concur, except VANCE, J., who dissents.

---

1. The board stated in its opinion and order that '[w]ere we given full rein to reassess the Plaintiff's occupational condition free of principles of res judicata, we would now find his permanent disability to be substantially greater than 25% and perhaps total.' We note, however, that the principles of res judicata do not necessarily preclude the board from reevaluating the degree of a worker's occupational disability in a reopening proceeding. *See Stambaugh v. Cedar Creek Mining Co.*, Ky., 488 S.W.2d 681 (1972).