**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Robert YOUNG, Appellee.**

Court of Appeals of Kentucky.

June 19, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Harold K. Huddleston, Elizabethtown, for appellant.

J. Smith Barlow, Jr., Bardstown, for appellee.

STEWART, Judge.

Appellee, Robert Young, received an award from the Board of Claims for $7559.05 for personal injury and property damage against the Commonwealth of Kentucky, Department of Highways, appellant herein. The latter appealed to the Nelson Circuit Court, which affirmed the award. The Court of Appeals affirmed the judgment of the Nelson Circuit Court in Commonwealth, Department of Highways v. Young, Ky., 354 S.W.2d 23.

On March 24, 1962, appellant tendered to appellee the sum of $7559.05 in full satisfaction of the judgment. Appellee demanded interest from appellant, at 6% per annum, for the period from January 28, 1960, when the judgment was entered in the Nelson Circuit Court, to March 24, 1962, the date payment was tendered. Appellant declined to pay this item. Appellee then moved the Nelson Circuit Court to order appellant to pay interest, and it was so ordered on May 14, 1962. Appellant moved for an appeal from that order, and the motion was sustained.

Neither the award of the Board of Claims nor the judgment of the Nelson Circuit Court contained any provision for the payment of interest on the amount of the award or judgment.

Appellant argues that the Commonwealth and its agencies are not liable for interest on judgments against them in the absence of a statutory mandate.

Recovery under KRS 44.070 et seq., the Board of Claims Act, is restricted to the authority of that Act. There is no specific provision in the Act for the payment of interest on a recovery against the Commonwealth. Therefore, appellee must base his claim on the general provisions of KRS 360.040, wherein it is stated that "[a]

judgment shall bear legal interest from its date * * * ."

Appellant contends that because there is neither a specific statutory provision for the recovery of interest nor a waiver of the state's immunity against the recovery, appellee is not entitled to interest in this action and the trial court's order was erroneous. Furthermore, the position is taken that the point in issue is controlled by Bankers Bond Co. v. Buckingham, 265 Ky. 712, 97 S.W.2d 596, 599, wherein the following rule is set forth: " * * * it is a well-settled principle that neither a state nor any subdivision thereof may be held to the payment of interest on their public debts 'unless bound by an act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority' * * * ."

Appellee answers that KRS 44.140(2) prescribes the nature and effect which a judgment of the circuit court shall have when entered on an appeal from the Board of Claims. This subsection provides, in part: "The court shall enter its findings on the order book as a judgment of the court, and *such judgment shall have the same effect* and be enforceable as *any other judgment of the court in civil causes.*" (Emphasis added.) Thus, if any other judgment in the Nelson Circuit Court would draw interest from the date of its entry, then so would this one.

While Bankers Bond Co. v. Buckingham, supra, under the "immunity doctrine," stated that the Commonwealth need not pay interest, the question was reconsidered in Humphreys v. J. B. Michael & Co., Ky., 341 S.W.2d 229. Although overruled on another point by Foley Construction Company v. Ward, Ky., 375 S.W.2d 392, this Court held there the Department of Highways was obligated to pay interest to a contractor which was due by reason of the department's failure to pay the amount due on the semifinal estimate at the time prescribed by the contract. The opinion in that case said (341 S.W.2d pp. 235–236):

"Upon reconsideration of this question, the Court has concluded and now holds that when an agency of the state is duly authorized to enter into contracts for the construction of its highways it is divested, to that extent, of the attributes of sovereignty and invested with the attributes of a private person."

Appellee argues that such divestment of sovereignty applies herein, since the legislature permits the state to be held accountable for its negligent acts within a prescribed limit.

In Commonwealth v. Lyon, 24 Ky.Law Rep. 1747, 72 S.W. 323, a suit to recover for services rendered to the state, this Court said on the question of the right of the plaintiff (Lyon) to recover interest (72 S.W. p. 324):

"When the Legislature gave its consent that the sovereign might be sued, it left it to the court to determine what, if any, recovery should be had, and *the same discretion existed with reference to interest as in other cases.* The only difference between the sovereign and an individual is that it requires the sovereign's consent to be sued, but, when that consent has been obtained, then the court has the right to determine the question of interest as it would have in a suit of one citizen against another." (Emphasis supplied.)

Appellant further asserts that, even if under some circumstances it could be held liable for interest, it cannot be so held in this case because the judgment herein did not provide for interest.

In 47 C.J.S. Interest § 21, p. 34, it is stated: "Although the rule is otherwise in some states, it has generally been held that the fact that a judgment or decree is silent as to interest will not prevent the recovery of interest thereon." Cited as following this rule is Noel's Adm'x. v. Black's Adm'r., 244 Ky. 655, 51 S.W.2d 955. See also

Stuart v. Troutman's Adm'r., 6 Ky.Law Rep. 447.

We conclude the judgment carried with it interest under the general statutes and the case law of Kentucky, and that the Commonwealth is not immune from being chargeable with such. The statute authorizing the procedure in this case provides in substance that the judgment of the circuit court shall be enforceable against the Commonwealth as any other judgment would be enforceable, which is the equivalent of saying that all the attributes of any other judgment would follow this one. Then, too, when the Commonwealth waived its immunity by authorizing this proceeding it must have intended to place the Commonwealth, within the limits of the amount permitted to be recovered, on the same plane as an ordinary defendant, as there is no expressed reservation to the contrary.

Wherefore, the judgment is affirmed.