**COMMONWEALTH of Kentucky, DEPART- MENT OF HIGHWAYS, Appellant,**

**v.**

**Wilbert DENNIS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 9, 1966.

H. C. Smith, Frankfort, Deddo G. Lynn, William O. Gilbreath, Lexington, for appellant.

W. Earl Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment awarding appellees, Wilbert Dennis, his wife and his mother $5000 for the taking of their interests in 10.8 acres of unimproved land for construction of a non-access highway in Anderson County.

The questions raised on this appeal are whether the trial court erred in permitting the expert witnesses to value the portion of the farm which is now landlocked as having had access to a highway prior to this condemnation proceeding and whether the verdict is excessive.

Appellee, Wilbert Dennis, purchased a 60–acre tract and a 22–acre tract from his father and uncle, respectively, in the early 1950's. A 42–acre tract, lying between and contiguous to the 60 and 22–acre tracts, was deeded to Wilbert by his mother on January 20, 1964. The only access from the 22–acre tract to a highway lay through the other two tracts.

For approximately 15 years prior to the institution of this proceeding Wilbert had farmed these 124 acres as one unit. After the farm was bisected by the taking of the 10.8 acres for highway purposes the remainder consisted of 98.7 acres lying north of the highway and 14.5 acres lying south of it. The latter acreage, which was a part of the 22–acre tract, is now landlocked by the new non-access highway.

The parties stipulated that prior to January 20, 1964, it was common knowledge in Anderson County that a portion of the new highway would be constructed in that county. Inasmuch as Wilbert acquired his interest in the 42–acre tract after it became generally known that the highway would be constructed, the Commonwealth urges that the 22–acre tract was landlocked prior to the condemnation and therefore the landowners are not entitled to any damages caused by the highway subsequently landlocking the 14.5 acres.

Ordinarily, two or more parcels of land constitute one tract for the purpose of determining its value when they are contiguous and are united in use and ownership. Commonwealth, Department of Highways v. Raybourn, Ky., 359 S.W.2d 611; Barnes v. North Carolina State Highway Commission, 250 N.C. 378, 109 S.E.2d 219. The fact that the three tracts were either owned by Wilbert or the Dennis family established the unity of ownership. Furthermore, the fact that this tract was an integral part of Wilbert's farming operations for a number of years shows unity of use. In these circumstances the jury could consider the landlocking of the 14.5 acres as affecting the after value of the farm.

Under the evidence the excessiveness of the verdict is apparent. One of the landowner's witnesses fixed the before value of the farm at $129 per acre and the other witness at $125 per acre. Even the highest comparable sale was $151 an acre. Assuming that the jury treated the landlocked 14.5 acres as having been taken it follows that it awarded nearly $198 an acre for the taking of 25.3 acres, a total of $5000. The testimony does not support this award.

The judgment is reversed with directions to grant a new trial.