**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**SHAMROCK CORPORATION OF KENTUCKIANA, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

As Modified on Denial of Rehearing
Dec. 7, 1973.

Cyril E. Shadowen, Perry Lewis, Bureau of Highways, Dept. of Transportation, Frankfort, for appellant.

Robert L. Sloss, Robert C. Ewald, Wyatt, Grafton & Sloss, Louisville, for appellees.

OSBORNE, Justice.

The appellee Shamrock Corporation asserted claim against the Commonwealth of Kentucky, Department of Highways for additional costs incurred by Shamrock as the result of delay caused by a design change in the construction of Interstate Highway 64 in Rowan County, Kentucky. It appears there was no controversy between the Department of Highways and the contractor relative to the right of the contractor to recover damages because of the delay. A controversy did arise as to the amount of damages to be paid.

A hearing was ordered by the Commissioner of Highways under the regulations of the Department and a record thereof made. Pursuant to the recommendation of the hearings officer the Commissioner of Highways made an award on December 6, 1971 in the amount of $234,719.96. No appeal was taken from this award to the Franklin Circuit Court pursuant to KRS 44.280.

After the time for appeal had expired the Department of Highways instituted a declaratory judgment proceeding in the Franklin Circuit Court. Shamrock responded asserting its right to immediate payment of the amount awarded out of existing funds of the Highway Department, with interest. Upon the record the Franklin Circuit Court entered a judgment in which it adjudged the total amount due and directed the Highway Department to pay the funds out of its current appropriation. The judgment denied the claim for interest. From this judgment the Highway Department appeals to this court contending that the circuit court was in error in ordering the funds to be paid forthwith. Shamrock cross-appeals from so much of the judgment as denied interest. The Highway Department insists under the provisions of KRS 44.330 that this claim will have to be submitted to the Department of Finance which in turn certifies it to the next regular session of the General Assembly for satisfaction. The pertinent statute, KRS 44.330, reads as follows:

"Each agency which has an award or judgment against it upon a claim filed pursuant to KRS 44.260 to 44.330 shall

furnish a certified copy of the award of judgment to the department of finance. The department of finance shall request an appropriation from the next regular session of the general assembly for the purpose of satisfying all such awards and judgments granted during the preceding two fiscal years."

 Shamrock contends that KRS 44.280 applies and that the judgment of the Franklin Circuit Court is enforceable as any other judgment. That section of the statute provides:

"The court shall enter its findings as a judgment of the court, and such judgment shall have the same effect and be enforceable as any other judgment of the court in civil cases."

There is an apparent conflict between the two above cited statutes, however, as we view the matter we need not reach the question of which should prevail. We are of the opinion that KRS 44.280 only applies where there is a direct appeal from the action of the agency to the Franklin Circuit Court. No such appeal was taken by Shamrock and therefore that section is inapplicable.

Section 231 of the Kentucky Constitution provides:

"The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth."

We believe that the General Assembly in the enactment of KRS 44.330 was within its right in providing how awards or judgments should be paid. Shamrock contends that there are funds available in the hands of the Highway Department from which this claim could be paid. The simple answer to this is that the Highway Department could, if it voluntarily desired to do so, pay the funds. However, the fact that they could voluntarily make the payment does not create an obligation to make the payment. We believe the only obligation upon the part of the Highway Department

is that created by the statutes above quoted.

 Now we come to the question of interest. Shamrock contends that our case of Commonwealth, Department of Highways v. Young, Ky., 380 S.W.2d 239 (1964), wherein we interpret KRS 44.140(2), is authority to the effect that the judgment carries interest under the general statutes and case law. There we were dealing with a judgment, here we are not. All Shamrock had prior to the declaratory judgment proceeding was an award which had not been reduced to judgment. For this reason we do not believe the general law of the Commonwealth relative to the interest carried by judgments is applicable. We are, therefore, of the opinion that the circuit court was correct in denying interest.

For the foregoing reasons the case is reversed on direct appeal and affirmed on cross-appeal.

All concur.