**COMMONWEALTH of Kentucky, DE-PARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant/Cross-Appellee,**

v.

**CRAFTON–DUNCAN, INC., Appellee/Cross-Appellant.**

Court of Appeals of Kentucky.

Rendered March 9, 1984.

Ordered Published April 13, 1984.

Allen L. Condra, Transp. Cabinet, Dept. of Highways, Madisonville, for appellant/cross-appellee.

C.B. West, Henderson, for appellee/cross-appellant.

Before CLAYTON, LESTER and MILLER, JJ.

CLAYTON, Judge.

This is an appeal from a judgment of the Henderson Circuit Court awarding the appellee, Crafton-Duncan, $46,000.00 as compensation for .032 of an acre of real property condemned by the Commonwealth for construction of a railroad overpass on outer Second Street in Henderson, Kentucky. The appellant, Kentucky Department of Transportation (Department), argues on appeal: first, that inadmissible testimony regarding the use of adjacent property was erroneously admitted at trial over the Department's timely objections and pre-trial motion to exclude; next, that the jury's

verdict was a result of that improper evidence; that it was palpably excessive and not sufficiently supported by evidence of probative value; and last, that the trial court erred in permitting the judgment to bear interest at a rate in variance with KRS 416.620(5). Crafton-Duncan, by way of cross appeal, contends that evidence of a prior appraisal of the Department was improperly excluded at trial. We will now address each of these arguments separately.

## I.

The adjacent property at issue is a retail outlet located immediately west of the Crafton-Duncan tract, separated from it only by a railroad spur. Crafton-Duncan has leased this property (Cooksey Crafton tract) since 1960 as an outlet for sales of the agricultural products it manufactures. Ownership of the Cooksey Crafton property is held by Cooksey Crafton, a 35% shareholder of Crafton-Duncan, and his sister-in-law, Nina Rene Crafton. The Crafton-Duncan interest in Cooksey Crafton property is otherwise limited to the month-to-month lease previously mentioned.

■ The Department now argues that appraisers of Crafton-Duncan were improperly permitted to consider and testify upon the value of the Cooksey Crafton property as a retail outlet in determining their before value of the condemned portion of the Crafton-Duncan property. From the Department's viewpoint, this testimony constituted a clear violation of the "unity role" discussed in a long line of Kentucky decisions. *See Commonwealth, Dept. of Highway v. Williams,* Ky., 487 S.W.2d 290 (1972); *Coke v. Commonwealth, Department of Finance,* Ky., 502 S.W.2d 57 (1973); *Jones v. Commonwealth, Dept. of Highways,* Ky., 413 S.W.2d 65 (1967); *Commonwealth, Dept. of Highways v. Dennis,* Ky., 409 S.W.2d 292 (1966). In essence, the unity rule, when applied, permits two or more parcels of land to be deemed one tract for the purpose of a condemnation when they are contiguous or in near proximity and are united in use and

ownership. *Dennis, supra.* Crafton-Duncan accepts the soundness of the unity rule as an essential principle of Kentucky law, but urges its inapplicability to this appeal. From Crafton-Duncan's standpoint, their appraisers' testimony concerning the Cooksey Crafton property's value as a readily accessible retail outlet to the Crafton-Duncan tract was completely proper, such value being simply a legitimate factor the appraisers relied upon.

■ After due consideration, we adopt the appellee's view and hold that the trial court properly admitted testimony regarding the Cooksey Crafton property and its value to the Crafton-Duncan property. Such value was a legitimate factor in evaluating the appellee's property as a whole prior to the partial taking. The immediate availability of an adjacent retail outlet is an important fact which would directly appeal to potential buyers. *City of Newport v. Dorsel Co.,* 281 Ky. 372, 136 S.W.2d 11 (1940). The above-mentioned decisions involving the "unity rule" are inapplicable as they center upon the merger of two tracts for the purpose of condemnation. The landowner has not attempted to have the Cooksey Crafton property considered one with the Crafton-Duncan tract. Its appraisers merely took notice of an important factor in determining their before value figure.

## II.

■ The Department next contends that the jury verdict, $46,000.00 for .032 of an acre, was excessive and unsupported by the evidence. We disagree. The record clearly contains evidence of sufficient probative value to support the jury's verdict. Furthermore, the award was well within the range of proof. *Commonwealth, Department of Highways v. Ginsburg,* Ky., 516 S.W.2d 868 (1974).

## III.

■ The Department's final point in argument arises from that portion of the circuit court's judgment awarding Crafton-

Duncan interest on the judgment at the maximum interest rate applicable to unpaid judgments under KRS 360.040. The Department maintains that KRS 416.620(5) limits the interest on judgment to six percent. In this regard, we must agree with the Department. The recent decision, *Withers v. Commonwealth, Department of Transportation, Bureau of Highways*, Ky.App., 656 S.W.2d 747 (1983), mandates that the statutory interest provision of KRS 416.620(5) controls when in conflict with the general statutory interest provision of KRS 360.040. Six percent and not twelve percent, therefore, was the proper interest rate.

## IV.

We now finish with an examination of the landowner's issue on appeal. Crafton-Duncan, as cross-appellant, appeals the trial court's exclusion of a prior appraisal report made by an employee of the Department and certain oral and written reports communicated within the Department concerning that prior appraisal. In 1979, the Department employed a professional appraiser, John Alan Todd, to evaluate the Crafton-Duncan property. Todd's report appraised the property at $188,000.00 before taking and $185,800.00 after taking. The results of this appraisal, contained in a document entitled Offer to Purchase, were reported verbally and in writing by William Pendleton, Jr., a right-of-way agent for the Department, to Hiram Knight and Buddy Duncan, fellow employees of the Department. Both Todd and Pendleton were deceased by time for trial. Crafton-Duncan maintains that these reports and statements, ordinarily hearsay, are exempt from exclusion as being either admissions, prior inconsistent statements, or extrajudicial declarations against pecuniary interest. In response, the Department argues that the appraisal report prepared by Todd is an expert opinion protected from discovery by the provisions of C.R. 26.02(4)(b). Regarding the communications between Pendleton and Knight and Duncan, the Department analyzes these as excludable statements made during the course of negotiations. We agree with both of the latter positions.

█ The appraisal report of Todd was required by statute, KRS 416.560, to be prepared prior to the institution of litigation. Preliminary evaluation was necessary as a basis for future negotiations. The landowner has demonstrated no exceptional circumstances preventing it from obtaining facts or opinions on the same subject by other means. C.R. 26.02. As the Department points out, Crafton-Duncan indicated by a response filed of record that it had previously obtained one appraisal from the Department. Therefore, based on C.R. 26.02(4)(b) and *State v. Jensen*, 362 S.W.2d 568, 570 (Mo.1962), we hold that the trial court properly excluded admission of the appraisal report of Todd.

█ As for the communications concerning the excluded appraisal, these statements were properly excluded as statements made during the course of negotiations. As *Connor v. Michigan Wisconsin Pipeline Company*, 15 Wis.2d 614, 113 N.W.2d 121 (1962), points out, the computations contained in such statements are of a hypothetical nature. *Id.* at 125. Furthermore, though those same statements might be considered admissions for some purposes, the policy reasons set out in *Connor* for restricting such statements is well taken. *Id.* The landowner had available numerous favorable evaluations of its own appraisers, which, as the appellee notes in its brief, were apparently very persuasive to the jury. So that, even had we held the exclusion of such statements to be in error, it would have been deemed a nonprejudicial error, as the record indicates the jury remained unconvinced by the Department's evaluation.

The judgment is affirmed in part and reversed in part.

All concur.