**Robert BUSH, Bonnie Bush, William R. Simmons, and Betty Simmons, Cross–Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, TRANSPORTATION CABINET, Cross–Appellee.**

**No. 88–CA–1202–MR.**

Court of Appeals of Kentucky.

Oct. 6, 1989.

Norman R. Lemme, Alan D. Twisselman, Shepherdsville, for cross-appellants.

Hubert P. Griffin, Louisville, for cross-appellee.

PER CURIAM.

The sole issue addressed in this opinion is the rate of interest which is to be applied to a judgment in an eminent domain action. The panel to which this matter was initially assigned invited this issue to the full Court's attention because concerns were raised about the validity of the holdings in two prior opinions of this Court. Because this is a significant issue which is likely to reappear in many eminent domain actions and because this is an issue upon which panels of this Court may disagree, the issue has been accepted for full Court consideration.[1]

This action arose from the Transportation Cabinet's plan to construct a cloverleaf interchange at the intersection of Kentucky Highway 480 and Interstate Highway 65 in Bullitt County. Proper construction of the interchange required condemnation of certain property belonging to these appellees. The condemnation petition was filed on

---

1. The issues on the direct appeal in this litigation, being *Commonwealth, Transportation Cabinet v. Bush*, 88–CA–1196–MR, and the remaining issue on cross-appeal, are not of significant precedential value and are being separately disposed of by an unpublished opinion rendered this date.

September 13, 1985. After an answer was filed by the landowners, an interlocutory order was entered on November 25, 1985, permitting the Transportation Cabinet to take the property under KRS 416.610. The Cabinet deposited $137,000.00 with the clerk of the court, which was promptly withdrawn by the landowners.

Because the landowners had taken exception to the value set on the property, this matter proceeded to trial on that issue. The jury determined the difference between the fair market value of the entire property prior to taking and the fair market value of the remainder after the taking to be $143,620.00. Therefore, the Cabinet was ordered to pay the landowners an additional $7,620.00 plus interest at a rate of 6% from the date of the entry of the interlocutory order until payment of the judgment.

The landowners now ask us to reverse so much of the judgment as awards interest at a rate of 6% pursuant to KRS 416.620(5) rather than at 12% pursuant to KRS 360.-040. The landowners acknowledge that this Court has previously stated that KRS 416.620(5) controls in an eminent domain action. *Withers v. Commonwealth, Department of Transportation*, Ky.App., 656 S.W.2d 747 (1983); *Commonwealth, Department of Transportation v. Crafton-Duncan, Inc.*, Ky.App., 668 S.W.2d 62 (1984). Landowners argue that the statement in *Withers* at page 749 was unnecessary dicta, since the decision in that case was that no interest was due under the parties' agreement of settlement. Landowners argue that the Court then relied solely on the dicta in *Withers* in awarding only the 6% interest in the *Crafton-Duncan* opinion at page 65.

Landowners urge us to adopt an interpretation of KRS 416.620(5), which would apply that statute only prior to the final judgment. Upon entry of the final judgment, KRS 360.040 would apply to impose 12% interest on judgments from the date of final judgment until the judgment is satisfied.

■ A majority of this Court has determined that we must reject the landowners' position and affirm the judgment of the circuit court.

■ The landowners' position fails for two basic reasons. First, a judgment in an eminent domain case is simply not "the same as any other judgment" as urged by the landowners. A condemnation judgment is a judgment against the sovereign compensating a property owner for the taking or destruction of property rights. While it is clearly the law of the land that just compensation must be paid to a property owner whose rights and property are condemned, it is not at all clear that interest on the sum awarded could be recovered from the Commonwealth absent a specific statutory provision. Although the question of whether the award of interest in a judgment against the Commonwealth violates the provisions of sovereign immunity has had a somewhat bumpy history,[2] Kentucky's highest court permitted the recovery of interest on awards made by the Board of Claims only because KRS 44.-140(2) expressly provided that such awards would be enforceable as any other judgment. *Commonwealth, Dept. of Highways v. Young*, Ky., 380 S.W.2d 239 (1964). There is no similar provision in the eminent domain statutes.

The second reason that the landowners' argument fails is that we view KRS 416.-620(5) as an adequately clear statement of the legislative intent in this matter. The first sentence of that subsection states:

> If the condemnor takes possession of the property condemned and the amount of compensation is thereafter increased over that awarded by the commissioners, the condemnor shall pay interest to the owner at the rate of six percent (6%) per annum upon the amount of such increase from the date the condemnor took possession of the property.

**2.** In *Bankers Bond Company v. Buckingham*, 265 Ky. 712, 97 S.W.2d 596 (1936), the court held that the award of interest in a judgment against the Commonwealth violated the doctrine of sovereign immunity. This holding was reconsidered and reversed in *Humphreys v. J.B. Michael & Co.*, Ky., 341 S.W.2d 229, 235–236 (1960). The *Michael* opinion was expressly overruled in *Foley Construction Co. v. Ward*, Ky., 375 S.W.2d 392, 396 (1963).

The statute does *not* provide that such award of interest shall run only to the date of the entry of final judgment. The statute does *not* provide that the judgment is enforceable against the Commonwealth as other judgments would be enforceable against a private party. The legislature could have made such provisions, but it did not.

While it may be attractive to hold that a landowner who benefits from a jury award higher than the preliminary award of the commissioners is entitled to 12% from the date of final judgment, we must recognize that the converse would also be true, so that if the jury award were lower than that made by the commissioners a landowner would be required to pay 12% interest from the date of final judgment until the date that the landowner repaid the Commonwealth for the excess compensation previously accepted.

We hold that in a condemnation action, KRS 416.620(5) requires that the interest rate of 6% shall apply to the amount of increase or decrease after entry of the final judgment as well as before the final judgment.

The judgment of the circuit court which allowed award of 6% on the increase in compensation from the date that the Commonwealth took possession of the property until the increased judgment is paid is hereby affirmed.

HOWERTON, C.J., and CLAYTON, DYCHE, ELSWICK, EMBERTON, GUDGEL, HAYES, HOWARD, LESTER, McDONALD, MILLER, and WILHOIT, JJ., concur.

WEST, J. dissents by a separate opinion in which REYNOLDS, J., joins.

WEST, Judge, dissenting.

Respectfully, I dissent. When there is an apparent conflict between statutes, it is the duty of the court to harmonize the interpretation of the law so as to give effect to both statutes, if possible. *Ledford v. Faulkner*, Ky., 661 S.W.2d 475 (1983). In my view, the more correct interpretation of the two (2) statutes allows them to be harmonized so as to give mean-

ing to both. KRS 416.620(5) allows six percent (6%) interest on the increase or decrease from the commissioner's award (if the landowner has withdrawn that sum and therefore had the use of it) from the date of taking until entry of the final judgment after the jury's determination of just compensation. The amount of the final judgment is the difference between the commissioner's award and the jury's verdict plus accrued interest at the rate of six percent (6%). If the difference exceeds the commissioner's award, the judgment is in favor of the landowner; if the difference is less, the judgment is in favor of the condemnor. After that final judgment is entered, it should bear interest at the rate of twelve percent (12%) in accordance with KRS 360.040.

By treating the statutes as addressing interest which may accumulate during two (2) different periods, *i.e.*, KRS 416.620(5) from the interlocutory decree to final judgment and KRS 360.040 from final judgment until satisfaction, the statutes are not in conflict and each can be given effect.

I would, therefore, reverse the circuit court's award of six percent (6%) interest and remand with directions to amend the judgment to reflect that interest in accordance with KRS 360.040 be awarded from the date of final judgment until paid.

REYNOLDS, J., joins in this dissent.