Marilyn K. POWELL, Appellant,

v.

BOARD OF EDUCATION OF HAR-
RODSBURG, Kentucky, and Clinton D.
Kirk, in His Official Capacity as Super-
intendent of the Harrodsburg Schools,
Appellees.

No. 90-CA-2133-S.

Court of Appeals of Kentucky.

Dec. 27, 1991.

Discretionary Review Denied
by Supreme Court June 17, 1992.

Arthur L. Brooks, Brooks, Coffman &
Fitzpatrick, Lexington, for appellant.

James W. Barnett, Robert L. Chenoweth,
Bryan, Fogle & Chenoweth, Frankfort, for
appellees.

Before DYCHE, EMBERTON and
HOWERTON, JJ.

HOWERTON, Judge.

Marilyn K. Powell appeals the denial of
prejudgment interest on an award of back
pay and retirement contribution. Because
there is no specific statute or contractual
obligation providing for the payment of
prejudgment or post-judgment interest, we
affirm.

By previous appeal, *Board of Edu-
cation of Harrodsburg v. Powell*, Ky.App.,
792 S.W.2d 376 (1990), this Court affirmed
the trial court's ruling that Powell is enti-
tled to tenure in the school system and
reversed the trial court's denial of full-time
salary for school years 1987-88 and 1988-
89. This Court also determined that Pow-
ell was due contributions to the Kentucky
Teachers Retirement System for 1987-88
and 1988-89. The only issue in this appeal
is whether the trial court erred in denying
Powell prejudgment interest on the salary
and retirement contribution awards.

At common law, interest was not allowed on judgments, but now it is generally provided by statute. 45 Am.Jur.2d *Interest and Usury* § 59 (1969) [hereinafter "45 Am.Jur.2d *Interest*"]. KRS 360.040 provides that "[a] judgment shall bear twelve percent (12%) interest compounded annually from its date." However, such a statute does not generally include judgments against state agencies, 45 Am.Jur.2d *Interest* § 60, of which a board of education is one. *Clevinger v. Board of Education of Pike County*, Ky., 789 S.W.2d 5, 10 (1990).

■ It is a well-settled principle that neither a state nor public agency is liable for interest on public debts unless there is statutory authority or a contractual provision authorizing the payment of interest. *Commonwealth, Dept. of Transportation v. Lamb*, Ky., 549 S.W.2d 504, 507 (1976), (citing *Bankers Bond Co. v. Buckingham, Commonwealth Treasurer*, 265 Ky. 712, 718, 97 S.W.2d 596 (1936)). Although *Bankers Bond* has been criticized by *Humphreys v. J.B. Michael & Company*, Ky., 341 S.W.2d 229, 235–36 (1960), this latter case has been expressly overruled by *Foley Construction Company v. Ward*, Ky., 375 S.W.2d 392, 396 (1963). In *Humphreys*, suit was permitted against a state agency when it entered into a contract for highway construction. The court held that when the state agency is authorized to enter into such contracts, "it is divested, to that extent, of the attributes of sovereignty and invested with the attributes of a private person." *Humphreys*, 341 S.W.2d at 236. That decision reversed a denial of interest on an amount overdue on the contract. In *Ward*, the court criticized as unsound those cases which have permitted the state to be sued on a contract or for damages without express legislative authority. *Ward*, 375 S.W.2d at 396. Authority for this view comes from § 231 of our Kentucky Constitution which reads, "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth."

■ Merely because a state agency has waived its sovereign immunity for purpose of suit, it does not necessarily follow that the agency has also waived its immunity from liability for payment of interest in such suit. The fact that KRS 160.160 makes a board of education a body politic and subject to suit, does not divest the board of immunity regarding interest, absent a statutory provision. Since a state can be sued only with its consent, a statute waiving immunity must be strictly construed and cannot be read to encompass the allowance of interest unless so specified. *See generally Brown v. State Highway Commission*, 206 Kan. 49, 476 P.2d 233, 234 (1970); *Annot.*, 24 ALR 2d 928 (1952). Furthermore, we do not believe that the general interest on judgment statute (KRS 360.040) applies to state agencies without an explicit declaration by the legislature or contract provisions expressly so stating. Cases which Powell cites for the premise that interest runs on a liquidated claim as a matter of right are suits against private parties as opposed to a state agency.

While there are cases to the contrary, *see Citizens Fidelity Bank & Trust v. Curlin*, Ky., 281 S.W.2d 537 (1955); *Annot.*, 24 ALR 2d 928 §§ 17, 26 (Supp.1982, 1991), we believe the law in this Commonwealth is as was set forth in *Lamb, supra*, "It is the opinion of this court that there is no statutory authority or any contract which authorizes the payment of interest [to a reinstated employee of the Department of Transportation for back pay]." *Id.* 549 S.W.2d at 507. Considering that the pattern of law concerning sovereign immunity as reported in *Bankers Bond*, *Humphreys*, and *Ward* was already in place when *Lamb* was decided, and *Lamb* reversed the award of interest, we believe the current state of the law on interest against a state agency was set forth in *Lamb*. *Accord Bush v. Dept. of Highways, Transportation Cabinet*, Ky.App., 777 S.W.2d 608 (1989). In *Bush*, the court allowed an award of six percent interest because KRS 416.620(5) specifically provided for such interest in eminent domain proceedings. The court qualified its award by providing "[I]t is not at all clear that interest on the sum awarded could be recovered from the Commonwealth absent a specific statutory provi-

sion." 777 S.W.2d at 609. The court further went on to differentiate Board of Claims' actions where interest is allowed only because KRS 44.140(5) expressly provides that such judgment shall be "enforceable as any other judgment." 777 S.W.2d at 609 (citing *Commonwealth, Dept. of Highways v. Young,* Ky., 380 S.W.2d 239 (1964)).

Absent such statutory or contractual term providing for interest on a judgment such as Powell's against the board of education, the trial court correctly disallowed interest. The judgment is affirmed.

All concur.