David W. **THURMAN,** Administrator of the Estate of Robert J. Thurman, Deceased; Karen J. Thurman; Robert D. Thurman; and Kentucky Board Of Claims, Appellants,

v.

**COMMONWEALTH of Kentucky, TRANS- PORTATION CABINET, DEPART- MENT OF HIGHWAYS, Appellee.**

No. 1997–CA–001244–MR.

Court of Appeals of Kentucky.

Oct. 9, 1998.

James M. Gary, Louisville, for Appellants.

Steward C. Burch, Edwin A. Logan, Frankfort, for Appellee.

Before BUCKINGHAM, KNOX and SCHRODER, JJ.

## OPINION

BUCKINGHAM, Judge.

David W. Thurman, administrator of the estate of Robert J. Thurman, deceased; Kar-en J. Thurman; and Robert D. Thurman (hereinafter collectively referred to as "Thurman") appeal from a judgment of the Franklin Circuit Court reversing an order of the Board of Claims concerning interest on an award in favor of Thurman. For the reasons set forth hereinafter, we affirm.

On April 13, 1992, the Board of Claims entered a $250,000.00 award in favor of Thurman. Appellee, Commonwealth of Kentucky, Transportation Cabinet, Department of Highways (Transportation Cabinet), appealed the award to the Laurel Circuit Court which entered a judgment on September 30, 1993, affirming the award by the Board of Claims.

In June 1995, the Transportation Cabinet tendered a check to Thurman in the amount of $304,945.55, representing the principal of the award and interest of twelve percent from September 30, 1993 (the date of the Laurel Circuit Court judgment affirming the Board of Claims award). The check was conditionally accepted by Thurman, who claimed entitlement to interest dating from April 30, 1992 (the date of the Board of Claims award). The dispute concerning whether additional interest was due was submitted to the Board of Claims.

In June 1996, the Board of Claims entered an order directing the Transportation Cabinet to pay the additional interest, calculated from the original award date of April 30, 1992. The Transportation Cabinet appealed the order to the Franklin Circuit Court, which reversed the Board of Claims order. Thurman now appeals the Franklin Circuit Court order.

In *Commonwealth, Dept. of Highways v. Young*, Ky., 380 S.W.2d 239 (1964), a case which is factually similar to the case sub judice, the court held that the Department of Highways owed interest from the date the Nelson Circuit Court affirmed the Board of Claims award.[1] In that case, however, the claimant who received the Board of Claims award did not request interest from the date of the award, and the appellate court did not address the issue.

---

1. The Transportation Cabinet argues that *Young* was decided prior to the enactment of KRS Chapter 44 and is thus inapplicable. This is incorrect, as the Board of Claims Act (KRS 44.070, *et seq.*) was in effect at that time.

■ KRS 360.040 states that "a **judgment** shall bear twelve percent interest compounded annually from its date." (Emphasis added.) Thurman argues that the Board of Claims award should be construed as a judgment and that interest should be compounded from its date. However, a judgment is defined by Kentucky Rule of Civil Procedure (CR) 54.01 as "a written order of a **court** adjudicating a claim or claims in an action or proceeding." (Emphasis added.) Thus, as the original Board of Claims award was not a judgment, KRS 360.040 does not mandate that interest be compounded annually from its date.

Thurman contends that KRS 44.130 provides that a Board of Claims award can be enforced and is otherwise treated as a judgment of a court. KRS 44.130 states as follows:

> Orders, awards, and judgments[2] of the board may be enforced by filing in the office of the clerk of the Franklin Circuit Court an authenticated copy of the order, award, or judgment, which, when ordered entered by the judge of the court, shall be entered on the order book and become to all effects and purposes an order, award, or judgment of the court, and be enforceable in a like manner.

However, KRS 44.130 only provides that a Board of Claims award is to be treated as a judgment of the Franklin Circuit Court once it has been filed with that court and entered by the court as its official judgment. As the trial court noted in its order, Thurman apparently never filed the Board of Claims original award with the Franklin Circuit Court, so the award did not automatically become a judgment when it was rendered. However, the award did attain the force and effect of a judgment when the Laurel Circuit Court entered its judgment affirming the award on September 30, 1993. KRS 44.140(5).[3] Thus, the trial court correctly determined that interest should have been awarded from September 30, 1993, pursuant to KRS 360.040.

■ State agencies are not liable for interest "unless there is statutory authority or a contractual provision authorizing the payment of interest." *Powell v. Board of Educ. of Harrodsburg,* Ky.App., 829 S.W.2d 940, 941 (1992). Furthermore, "[s]ince a state can be sued only with its consent, a statute waiving immunity must be strictly construed and cannot be read to encompass the allowance of interest unless so specified." *Id.* The General Assembly has determined that a Board of Claims award is to be treated as a judgment, on which interest could be awarded, only after a judgment has been entered by a circuit court on appeal, KRS 44.140(5), or after the award becomes final through its entry as a judgment by the Franklin Circuit Court in accordance with KRS 44.130. Clearly, the circuit court did not err in reversing the Board of Claims order allowing interest from the date of its original award.

The judgment of the Franklin Circuit Court is affirmed.

All concur.

---

2. This statute erroneously refers to "judgments" of the Board of Claims. The Board of Claims enters awards and orders but not judgments. Judgments may only be entered by a court. *See* CR 54.01.

3. KRS 44.140(5) provides in relevant part that on appeal to the circuit court "[t]he court shall enter its findings on the order book as a judgment of the court, and such judgment shall have the same effect and be enforceable as any other judgment of the court in civil causes."