Dennis BRADLEY, Administrator for the Estate of Carmelo Angel Isidoro Mayo, Appellant,

v.

COMMONWEALTH of Kentucky, Uninsured Employers' Fund; Honorable Marcel Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

Commonwealth of Kentucky, Uninsured Employers' Fund, Cross–Appellant,

v.

Dennis Bradley, Administrator for the Estate of Carmelo Angel Isidoro Mayo; Bruce Rector, Guardian for Alexandra Del Carmen Dorantes Mejia, A Child; Gary Wise; Honorable Marcel Smith, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 2009–SC–000135–WC, 2009–SC–000136–WC.

Supreme Court of Kentucky.

Dec. 17, 2009.

Stephen Randall Chappell, Mark Joseph Hinkel, Landrum & Shouse, Lexington, KY, Counsel for Appellant/Cross–Appellee, Dennis Bradley, Administrator for the Estate of Carmelo Angel Isidoro Mayo.

Charles Davis Batson, Assistant Attorney General, Frankfort, KY, Counsel for Appellee/Cross–Appellant, Commonwealth of Kentucky, Uninsured Employers' Fund.

Mark Joseph Hinkel, Landrum & Shouse, Lexington, KY, Counsel for Cross–Appellee, Bruce Rector, Guardian for Alexandra Del Carmen Dorantes Mejia, a child.

Gary Wise, Lexington, KY, Pro se.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) awarded a lump sum death benefit to Carmelo Angel Isidoro Mayo's estate[1] and income benefits[2] to his minor child, Alexandria del Carmen Dorantes Mejia, a citizen and resident of Mexico. The ALJ ordered the Uninsured Employers' Fund (UEF) to pay all benefits in the event that Mayo's employer failed to do so, including the 30% enhancement provided by KRS 342.165(1) and interest accrued on past-due benefits. The Workers' Compensation Board affirmed.

Mayo's estate appeals and the UEF cross-appeals from the Court of Appeals' decision affirming in part and reversing in part. The court held that KRS 342.130 does not apply to a lump-sum death benefit and that although interest accrues on the benefit, sovereign immunity prohibits the UEF from paying interest.

We affirm to the extent that KRS 342.130 does not apply to Mayo's estate and that interest accrues on past-due death benefits. We reverse with respect to the UEF's liability for interest on past-due income benefits, which include death benefits. We view KRS 342.760(4) and KRS 342.790(3) as holding the UEF responsible for interest on past-due income benefits and as permitting the UEF to recover liquidated damages from the uninsured employer with interest.

Mayo, an undocumented laborer from Mexico, died on December 3, 2002, when the unreinforced trench in which he was working collapsed. Evidence indicated that he had lived in the United States and worked for Garry Wise for at least five years at that time. The Kentucky Office of Occupational Safety and Health investigated the circumstances of Mayo's death

---

1. KRS 342.750(6).

2. KRS 342.750(1).

and determined that Wise failed to comply with six different federal safety regulations. The administrator of Mayo's estate and the guardian/conservator of his minor child, Mejia, sought workers' compensation benefits under KRS 342.750. The UEF was joined as a party because Wise failed to purchase workers' compensation insurance or to qualify as a self-insurer.

The parties took proof, after which they stipulated that a safety violation occurred and that benefits must be enhanced by 30%. They disputed whether the UEF bore liability for the enhancement. The ALJ awarded Mayo's estate a lump-sum death benefit under KRS 342.750(6) and a 30% enhancement under KRS 342.165(1), with interest from the date of Mayo's death through the date of payment under KRS 342.040(1). The ALJ also awarded Mejia, through her guardian/conservator, an income benefit under KRS 342.750(1), which was enhanced by 30% under KRS 342.165(1) but then reduced by 50% under KRS 342.130 based on her status as a non-resident alien dependent.

Mejia's benefits are no longer at issue because the UEF's notice of appeal to the Board named only the administrator of Mayo's estate and the ALJ as parties. Thus, the only issues properly before the Board concerned the UEF's responsibility to Mayo's estate for interest on the lump-sum death benefit and, in the alternative, whether the benefit should have been reduced by 50% under KRS 342.130. The UEF argued that KRS 342.130 required the lump-sum death benefit to be reduced by 50% because Mejia was the sole beneficiary of Mayo's estate; that interest did not accrue under KRS 342.040(1) because a death benefit was not an income benefit; and that sovereign immunity prohibited the UEF from paying interest in any event.

## Death Benefits

Chapter 342 authorizes income benefits to permit disabled workers to continue to provide the necessities of life for themselves and their dependents. If an injured worker dies before receiving all of the income benefits awarded, KRS 342.730(3) permits portions of the benefits to be continued to surviving dependents. KRS 342.750 authorizes more generous benefits when a work-related injury results in death.

KRS 342.750(1) provides the widow or widower, children, and certain other surviving dependents with income benefits that are based on percentages of the deceased's average weekly wage. Moreover, if the worker's death occurs within four years of the work-related injury, KRS 342.750(6) provides the worker's estate with a lump-sum benefit from which the cost of burial and other expenses shall be paid.

## KRS 342.130

■ The ALJ reduced Mejia's income benefit by 50% under KRS 342.130 because she was Mayo's non-resident alien minor child but did not reduce the lump-sum death benefit payable to Mayo's estate. The UEF relies on *Maryland Casualty Co. v. Chamos*[3] to argue that the ALJ erred by failing to reduce the lump sum. We disagree.

KRS 342.130 requires compensation paid "to alien dependent widows, widowers and children, not residents of the United States" to be 50% of the amount that would be payable to residents. It also prohibits compensation to non-resident alien parents, brothers and sisters. Nowhere does the statute refer to compensa-

tion payable to an estate. *Chamos* concerned the constitutionality of an early version of KRS 342.130 and whether the nonresident aliens claiming benefits proved that they were actually the deceased worker's widow and dependent children. *Chamos* did not determine that KRS 342.130 governs compensation that is payable to a deceased worker's estate.

As the Board pointed out, Mayo had lived and worked in Kentucky for at least five years when he died. His administrator is a Kentucky resident and his estate was probated in Kentucky. KRS 342.130 has no application to the lump-sum death benefit because it is payable to his estate, which does not exist in a foreign jurisdiction and is not an alien widow, widower, or child.

### Interest

■ The court determined in *Realty Improvement Co., Inc. v. Raley*[4] that a deceased worker's estate is a "person" for the purposes of KRS 342.750(6) and that the lump-sum benefit is a form of income benefit that is subject to enhancement under KRS 342.165(1). The court reasoned that KRS 342.750 refers explicitly to "income benefits," that the benefit is based on the state's average weekly wage, and that the "goals of KRS 342.165(1) are to encourage workplace safety as well as to compensate those who are victims of intentional safety violations."[5] Although *Realty Improvement* did not address interest because it was not at issue, we conclude

that interest accrues on a lump-sum death benefit under KRS 342.040(1) just as it does on other past-due income benefits awarded under Chapter 342.

### The UEF's Responsibility for Interest

The Court of Appeals relied on the principle stated in *Commonwealth, Department of Transportation, Bureau of Highways v. Lamb*[6] that the Commonwealth and its agencies are exempt from paying interest on public debts unless a statute or contract explicitly authorizes interest. The court determined that the UEF bears no responsibility for interest on a lump-sum death benefit because no statute specifically waives its immunity or specifically requires it to pay interest on past-due income benefits. We reverse because we conclude that the court construed the relevant statutes too narrowly.

■ The statute under which a plaintiff claims recovery must authorize interest,[7] but the general interest on judgment statute (KRS 360.040) does not apply to state agencies absent an explicit declaration by the legislature or an explicit contract provision to that effect.[8] Nonetheless, the court looks beyond a statute's surface to its substance when determining if it authorizes a state agency to pay interest.

■ The court determined in *Commonwealth, Department of Highways v. Young*[9] that the general interest statute

**4.** 194 S.W.3d 818, 822 (Ky.2006).

**5.** *Id.*

**6.** 549 S.W.2d 504, 507 (Ky.1976).

**7.** *Kentucky Department of Corrections v. McCullough*, 123 S.W.3d 130, 140 (Ky.2003) (no post-judgment interest against Commonwealth in unlawful-retaliation claim because Kentucky Civil Rights Act permitted plaintiff

to recover costs but failed to provide for interest).

**8.** *Powell v. Board of Education of Harrodsburg*, 829 S.W.2d 940, 941 (Ky.App.1991).

**9.** 380 S.W.2d 239, 241 (Ky.1964). *See Bush v. Commonwealth, Department of Highways, Transportation Cabinet*, 777 S.W.2d 608, 609 (Ky.App.1989) (distinguishing *Young* from eminent domain case that involved no provi-

applied to a Board of Claims award because KRS 44.140(2) (now KRS 44.140(5)) provided that a circuit court judgment rendered on appeal from the award "shall have the same effect and be enforceable as any other judgment of the court in civil causes." The court reasoned that, in substance, KRS 44.140(2) provided for all of the attributes of any other judgment to follow the circuit court's judgment on appeal. We view KRS 342.760 and KRS 342.790 as holding the UEF responsible for the uninsured employer's entire liability for income benefits, including interest on past-due benefits, and as permitting the UEF to recover liquidated damages from the employer with interest.

KRS 342.760(3) funds the UEF with all fines and penalties collected under Chapter 342, and KRS 342.760(1) provides explicitly that "all moneys and securities in the fund shall be held in trust by the commissioner of the Department of Labor and shall not be considered a part of the general funds of the state." When an employer defaults on its compensation liability due to its failure to comply with KRS 342.340,[10] KRS 342.760(4) holds the UEF responsible for paying benefits and subrogates the UEF "to all the rights of the person receiving such compensation from the fund."

*Realty Improvement*[11] established that a deceased worker's estate is a person for the purposes of KRS 342.750 and that a lump-sum death benefit is a form of income benefit. Among the rights of a "person receiving compensation" is the right to an award that includes interest on past-due income benefits as provided by KRS 342.040(1). Thus, the UEF's responsibility and its right of subrogation under KRS 342.760(4) include the portion of the award that represents interest.

KRS 342.790(3) provides that when an employer fails to pay compensation "according to the terms of [an] award, the award shall constitute a liquidated claim for damages against that employer in an amount commuted to a lump sum." It also provides that the Attorney General shall institute a civil action against the employer to collect the lump sum amount "with interest." Thus, having paid an award, the UEF is entitled to a judgment against the uninsured employer for the liquidated damages with interest.

The decision of the Court of Appeals is affirmed in part and reversed in part, and the decision of the ALJ is reinstated.

All sitting. All concur.

---

sion similar to KRS 44.140(2), which expressly provided that judgment on Board of Claims award would be "enforceable as any other judgment."). *See also Powell v. Board of Education of Harrodsburg*, 829 S.W.2d at 941.

10. KRS 342.340 requires employers to secure workers' compensation liability by purchasing insurance or qualifying as a self-insured. *Whitehead v. Davis*, 692 S.W.2d 801, 803 (Ky.

1985), explained that the UEF does not guarantee payment from defaulting employers who have complied with KRS 342.340, from insolvent insurance companies, or from underinsured employers. Thus, the UEF was not liable where an employer qualified as a self-insured but later became insolvent.

11. 194 S.W.3d at 822.