# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 25, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000648-WC

**FLAGSHIP TRANSPORTATION, LLC**                              APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2015-CA-000718-WC
WORKERS' COMPENSATION NO. 13-85946

ESTATE OF CORY KEELING (DECEASED),
ADMINISTRATRIX MINDY KEELING (WIFE);
HONORABLE R. ROLAND CASE,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                              APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Flagship Transportation, LLC, appeals a Court of Appeals

decision which affirmed the imposition of interest on a past due lump-sum

death benefit granted to Appellee, Estate of Cory Keeling (Deceased),

Administratrix Mindy Keeling (Wife). Flagship argues that the Administrative

Law Judge ("ALJ") erred by finding that interest began accruing from the date

that Cory died instead of the date that Mindy became administratrix of the

estate. For the below stated reasons, we affirm.

Cory died as a result of a work-related motor vehicle accident in Texas on

April 19, 2013. Mindy filed a claim for workers' compensation death benefits

which was initially contested by Flagship. She was appointed administratrix of Cory's estate on May 6, 2014. The estate consists of Mindy and two minor children. Flagship subsequently dropped its objection to the claim and a settlement was entered into between the parties including the payment of a lump-sum death benefit pursuant to KRS 342.750(6). However, the parties could not agree on what date interest should begin to accrue on the lump-sum death benefit.[1] Flagship argued that interest should be paid from the date Mindy was named administratrix of the estate, and Mindy argued it should be from the date Cory died.

The ALJ entered an opinion, award, and order finding that, "interest accrues from the date of death. The decedent has an estate when he dies. The estate is not formed at the time of the appointment of a representative but at the time of death. The lump-sum benefit became due and payable upon death." The Workers' Compensation Board ("Board") and Court of Appeals affirmed. This appeal followed.

This is a matter of statutory interpretation, which is a question of law, that we review *de novo*. *Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013). We are not bound by the ALJ's or Board's interpretation of a statute. *Halls Hardwood Floor Co. v. Stapleton*, 16 S.W.3d 327, 329-330 (Ky. App. 2000). KRS 342.750(6), the subsection of the Act under which Cory's estate received lump-sum death benefits, states in pertinent part:

---

[1] Flagship has already paid the estate a lump-sum amount of $73,988.98, plus interest of $583.37 calculated from the day Mindy was named administratrix, May 6, 2014.

> In addition to other benefits as provided by this chapter, if death occurs within four (4) years of the date of injury as a direct result of a work-related injury, a lump-sum payment of fifty thousand dollars ($50,000) *shall be made to the deceased estate, from which the cost of burial and cost of transportation of the body to the employee's place of residence shall be paid.* Annually, the commissioner shall compute, in accordance with KRS 342.740, the increase or decrease in the state average weekly wage, and consistent therewith, shall adjust the amount of the lump-sum payment due under this subsection for injuries occurring in the succeeding year.

(Emphasis added). The lump sum benefit provided for in KRS 342.750(6) is an "income benefit." *Realty Improvement Co. v. Raley,* 194 S.W.3d 818, 822 (Ky. 2006). As such, interest accrues on a lump-sum death benefit under KRS 342.040(1) in the same manner as interest accrues on past-due income benefits awarded under the Act. *Bradley v. Commonwealth,* 301 S.W.3d 27, 30 (Ky. 2009).

Flagship argues that since KRS 342.730(6) states that the lump-sum payment must be made to the "deceased's estate," it only became liable to pay once Mindy became administratrix because that provided a representative to receive the payment. Thus, Flagship contends that interest only began to accrue as of May 6, 2014, instead of the date Cory died, April 19, 2013. We disagree.

Admittedly, the plain language of KRS 342.730(6) does not state an exact date on which the lump-sum death benefits must be paid. It only states that the payment must be made to the "decedent's estate." The property which constitutes a "decedent's estate" is established on the date of his death. See KRS 394.020. Additionally, as stated in *Black's Law Dictionary* (10th ed.

3

2014), an estate consists of all of the property owned by the decedent on the day he dies and not at the time an administrator is appointed. Thus, we reject Flagship's argument that it was not responsible to pay the death benefit until Mindy was appointed administratrix of Cory's estate. The lump-sum death benefits became a part of the estate when Cory died and interest is due from that date.

It also must be noted that the language of KRS 342.750(6) states that any funeral and transportation expenses are to be paid from the lump-sum benefit. Because many individuals do not have adequate savings, it is not unreasonable that the General Assembly anticipated that the lump-sum amount would be paid as soon as possible after the worker's death so that the estate could pay for such major expenses. And finally, in *Bradley*, 301 S.W.3d at 30, the ALJ calculated the interest due on the lump-sum death benefit from the date of the workers' death and this was affirmed. Thus, we believe that the intent of KRS 342.750(6) was to have the lump-sum death benefit paid as of the date of the worker's death. Accordingly, Flagship is responsible for paying interest on the past-due death benefits owed to the Estate of Cory Keeling as of the date of his death, April 19, 2013.

For the above stated reasons, the decision of the Court of Appeals is affirmed.

All sitting. All concur.

4

COUNSEL FOR APPELLANT,
FLAGSHIP TRANSPORTATION, LLC:

Richard Christion Hutson


COUNSEL FOR APPELLEE,
ESTATE OF CORY KEELING (DECEASED),
ADMINISTRATRIX MINDY KEELING (WIFE):

Robert C. Heuke, Jr.